In re William MOORE and Virginia Moore, Debtors.

**Bankruptcy No. SB 88–07090 MG.**

United States Bankruptcy Court, C.D. California.

Feb. 2, 1990.

Steven A. Schwaber, Los Angeles, Cal., trustee.

Donald R. Hall, Hall, Vance & Bailey, Irvine, Cal., for Desert Community Bank.

Norman L. Hanover, Hanover & Schnitzer, San Bernardino, Cal., for debtors.

## MEMORANDUM OF DECISION RE MOTION TO COMPEL TRUSTEE TO ADMINISTER ASSET

MITCHEL R. GOLDBERG, Bankruptcy Judge.

### FACTS

William and Virginia Moore, debtors herein, filed their Chapter 7 petition on September 14, 1988. Prior to filing, the debtors brought a "lender liability" action against Desert Community Bank ("Bank") and certain of its officers in the Superior Court of California, County of San Bernardino. Bank is also a creditor of the debtors' estate.

By letter to Steven A. Schwaber, the bankruptcy trustee ("trustee"), dated February 13, 1989, Bank offered to purchase the litigation and all other claims of the debtors against the Bank and its officers for the sum of $5,000. The trustee failed to respond, so the Bank forwarded an additional letter to the trustee on March 13, 1989. The trustee made no response to the second letter until approximately April 11, 1989 when he advised counsel for the Bank that the offer was not acceptable and that he was not going to pursue the litigation as an asset of the bankruptcy estate. The trustee made no counteroffer, nor did he set forth grounds upon which he would consider administering the asset, nor did he file any application with the court regarding this asset of the estate.

Subsequently, the Bank filed a motion to compel the trustee to administer the asset and to accept the offer to purchase the asset. The trustee thereafter advised the Bank's counsel that since the "business judgment rule" allowed a trustee to abandon assets which he considered to be of inconsequential value and benefit to the estate, there was no authority for bringing such motion and that sanctions might be appropriate. Thereafter, on April 27, 1989,

the trustee filed a no asset report. The Report of the Trustee in Chapter 7 No Asset Case does not include an order that the estate be closed. This estate remains open to this date.

The trustee argues that he abandoned the property by filing his no asset report. He further states that even if the property has not been abandoned, the business judgment rule allows a trustee "unfettered discretion" in the management of estate property. The trustee places great emphasis on the large caseload which the trustees in the Central District face. The trustee's comments suggest that he believes that the only remedy that a frustrated creditor has is a suit against the trustee *in personam*.

### DISCUSSION

■ The District Court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate. 28 U.S.C. § 1334(d). Commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests" of the debtor. 11 U.S.C. § 541(a)(1). The scope of § 541 is broad and includes intangible property such as a cause of action. *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir.1986) citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 and n. 9, 103 S.Ct. 2309, 2313 and n. 9, 76 L.Ed.2d 515 (1983).

■ This case involves an attempt by the trustee through a no asset report, to abandon a cause of action which is estate property. Section 554 of Title 11 of the U.S. Code governs the abandonment of estate property.

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burden-some to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under section (a) or (b) of this section and that is not administered in the case remains property of the estate.

Sections 554(a) and (b) of the Code require that creditors be given notice and an opportunity for hearing before an abandonment can be given effect. Thus, there is no abandonment under these provisions without notice to creditors. *Sierra Switchboard Co., supra* at 709. In this case, the trustee did not provide appropriate notice of his intention to abandon the cause of action against Bank to any creditors.

■ Section 554(c) applies only when a case has been closed without administration of an asset. *In re Reed*, 89 B.R. 100 (Bkrtcy.C.D.CA' 1988). Here, despite the filing of a no asset report, the case has remained open and the trustee is still free to administer assets of the estate. In fact, the trustee has attempted to administer other assets of the estate.

The trustee's second argument, if the court finds that the asset has not been abandoned, rests with the theory that the trustee is granted "unfettered discretion" in determining whether to maintain or abandon estate property. *Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 425 (9th Cir.1983). *Rau* involved application of the business judgment rule to the method used in a sale of an asset by the trustee. *Rau* is distinguishable since the dispute therein was the method by which the trustee chose to sell the asset; not abandonment by inaction or refusal to act as has occurred in this case.

Section 704 of Title 11 of the U.S.Code states, in pertinent part:

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

"The trustee is accountable for all property received ... *and has the duty to maximize the value of the estate ...*" *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 352, 105 S.Ct. 1986, 1992, 85 L.Ed.2d 372 (1985) (emphasis added). See also *In re Rigden,* 795 F.2d 727, 730 (9th Cir.1986).

In the case of *In re Wilson,* 94 B.R. 886 (Bkrtcy.E.D.Va.1989), the bankruptcy court dealt with an application by the debtor to have the trustee abandon a proposed cause of action against seven individuals. The trustee indicated that he had no objection to the entry of an order providing for the estate's abandonment of the proposed claims, as long as the order provided that, among other things, the estate received 35% of any net recovery from the debtor's litigation. Several of the defendants named in the proposed complaint opposed the requested abandonment. The court stated:

> In keeping with the goal of the bankruptcy reform movement to divorce courts from ministerial duties, a trustee's disposition of estate property is reviewable only for the purpose of determining whether the decision was made in an arbitrary or capricious manner. (citations omitted).... Accordingly, when called upon to review contested applications for abandonment, a court must focus its examination upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code. *Wilson* at 888

In the *Wilson* case, the court, *after notice and hearing* found that the trustee's determination that abandonment would be in the best interests of the estate was based on the trustee's sound business judgment.

In *In re Hancock–Nelson Mercantile Co., Inc.,* 95 B.R. 982 (Bkrtcy.D.Minn.1989), a Chapter 7 trustee sought approval of a compromise and settlement of claim in adversary proceedings brought by the debtor against three defendants. The stipulation of settlement between the debtor and two of the defendants included a term which provided that the trustee was obligated to "diligently pursue" the estate's surviving claims against Farmhouse (one of the remaining defendants). One of the grounds on which Farmhouse objected to the settlement was that it limited the trustee's discretionary authority to administer assets of the bankruptcy estate. In response, the court stated:

> The administration of bankruptcy estates has twin goals of maximization of realization on creditors' claims and of prompt and efficient administration of the estate. To carry out his fiduciary duty to meet these goals, the trustee has a generally-recognized discretionary authority to take the actions that are necessary to accomplish them. In many instances, the exercise of that discretion is subject to review by the U.S. Trustee and to the Court's approval. In deciding whether to grant that approval, the Court reviews the circumstances and applies various legal tests involving appropriate factors. The overlay of U.S. Trustee review, and the intertwining of administrative action with judicial approval *after notice to interested parties,* afford ample procedural and substantive safeguards against the possible abuse of discretion by the trustee.

*In re Hancock–Nelson, supra* at 1003 (emphasis added). See also *In re K.C. Mach & Tool Co.,* 816 F.2d 238 (6th Cir.1987).

In the trustee's view, affording an opportunity to be heard is not necessary. The trustee should have the right to choose not to respond to an offer to purchase an asset. The only remedy of a complaining offeror is to sue the trustee personally for breach. However, for the trustee to enjoy any immunity from his conduct, there must be some action by the trustee before the court after notice and opportunity to be heard. See *Bruce R. Bennett v. Ardelle Williams,*

*et al.,* 892 F.2d 822 (9th Cir.1989); *In re Rigden,* 795 F.2d 727 (9th Cir.1986); *In re Cochise College Park, Inc.,* 703 F.2d 1339 (9th Cir.1983).

 The case before me provides one of the instances in which a trustee's exercise of discretion is subject to review by the court. The test involved is a balancing of the principle of discretion which the business judgment rule allows trustees in the management and distribution of estate property, and the duty imposed on trustees to maximize the value of the estate pursuant to the Code. The business judgment rule should allow a trustee discretion in balancing the costs and benefits of administering an asset of the estate. However, if consideration is offered for a cause of action, then the cases are clear that the trustee must take affirmative action to resolve the matter. While I am sympathetic to the caseload which trustees in the Central District carry, the trustee may not simply ignore a significant offer, regardless of his burdens. Although a trustee is not compelled to accept any offer to purchase, solely because "some recovery is better than none at all," a trustee is required to take appropriate *action* to liquidate the assets of the estate. The choice of which type of action (whether it be acceptance of the offer, a counteroffer, negotiation, open bidding, or bringing a formal motion for abandonment) belongs to the trustee within the sound exercise of the trustee's business judgment so long as the trustee fulfills his statutory duties.

## CONCLUSION

Based upon the foregoing, I conclude that the motion by Desert Community Bank to compel the trustee to administer this asset of the estate should be granted. The trustee shall be ordered to promptly notice a hearing for sale or grounds for abandonment of the asset involved in this motion (lender liability action against Desert Community Bank).

The Bank's motion to compel the trustee to accept its current offer should be denied without prejudice.

Sanctions will be denied to either party and each side will bear their own costs for this motion.