Wanda GANDY, Plaintiff,

v.

THE PEOPLES BANK AND TRUST COMPANY; Ross and Yerger, P.A.; Ross and Yerger, Inc.; and Ross and Yerger Financial Systems, Defendants.

No. CIV. A. 3:97–CV–843WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 29, 1998.

William E. Catledge, Catledge Law Firm, Tupelo, MS, for plaintiff.

Stephen M. Corban, Mitchell, Voge, Beasley & Corban, Tupelo, MS, Keith R. Raulston, Watkins, Ludlam, Winter, & Stennis, P.A., Jackson, MS, for defendants.

Keith R. Raulston, Watkins, Ludlam, Winter, & Stennis, Jackson, MS, for third-party plaintiffs.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before this court is the motion of the plaintiff to remand this lawsuit to the Circuit Court, First Judicial District of Hinds County, Mississippi. The plaintiff, Wanda Gandy, instituted this cause by filing her complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on October 20, 1997. The defendants subsequently filed their removal papers on November 19, 1997, and removed the action to this court pursuant to Title 28 U.S.C. § 1446(b).[1] The plaintiff has now timely filed a motion to remand this cause to state court. Defendants, The Peoples Bank and Trust Company, Ross and Yerger, P.A., Ross and Yerger, Inc., and Ross and Yerger Financial Systems, oppose the motion.

This case arises from a bank's placement of Collateral Protection Insurance ("CPI") on collateral left uninsured by bank borrowers. The plaintiff borrower accuses her lender, the Peoples Bank and Trust Company ("Peoples Bank"), along with co-defendants Ross & Yerger, P.A., Ross & Yerger, Inc., and Ross & Yerger Financial Systems, Inc. ("Ross & Yerger"), of unlawfully imposing unauthorized and excessive insurance premiums (plus interest thereon) on her loan. The plaintiff complains that the nature and cost of the CPI program were concealed or inade-

---

1. Title 28 U.S.C. § 1446(b) states in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."

**342**

quately disclosed and challenges Peoples Bank's truthfulness and completeness of disclosures made related to the loan transaction at issue.

Defendants conclude that plaintiff's claims are federal, on the theory that resolution of plaintiff's claims will necessarily turn on this court's construction of the Truth in Lending Act ("TILA"), Title 15 U.S.C. § 1601, *et seq.* If defendants are correct, this district court has federal question jurisdiction of the plaintiff's claims pursuant to Title 28 U.S.C. § 1441–(b).[2] Alternatively, if plaintiff's argument that she has pleaded but claims arising under Mississippi law is valid, then this court must remand this action to the state court for lack of subject matter jurisdiction. This court sees merit in defendants' argument that this court has subject matter jurisdiction under the TILA. Further, since plaintiff has filed for protection under the bankruptcy statutes, this court is satisfied that it has subject matter jurisdiction under Title 28 U.S.C. § 1334[3] and § 1452(a).[4] Thus, persuaded by defendants' arguments, this court declines to remand the lawsuit and, accordingly, denies plaintiff's motion to remand.

### *Removal and Remand*

▪ District courts are granted federal question jurisdiction of all civil claims "arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1331. An action is removable under Title 28 U.S.C. § 1441(b) if the district court would have had original federal question jurisdiction of the matter when filed. In other words, removal is appropriate if the action could have been filed originally in federal court. *See Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157, 1160

(5th Cir.1989), *reh'g denied,* 886 F.2d 1314 (5th Cir.1989) (defendant may remove state court action if action could have been filed originally in federal court); *Merkel v. Federal Express Corp.,* 886 F.Supp. 561, 564 (N.D.Miss.1995) (removal is proper if the court would have had original jurisdiction to hear the matter if initially filed in federal court as opposed to state court).

▪ This court is required to remand to state court any action over which it does not have subject matter jurisdiction. *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir.1993); Title 28 U.S.C. § 1447. Any party, even the court *sua sponte,* may raise an objection challenging the court's subject matter jurisdiction at any time in the course of the proceedings. *Federal Deposit Insurance Corp. v. Loyd,* 955 F.2d 316, 323 (5th Cir. 1992) (*citing Ziegler v. Champion Mortgage Co.,* 913 F.2d 228, 230 (5th Cir.1990)) ("a court must consider the existence of subject matter jurisdiction on its own motion").

▪ The defendants here have the burden of establishing that their removal of this lawsuit to federal court was proper. *Jernigan v. Ashland Oil Co.,* 989 F.2d 812, 815 (5th Cir.1993); *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992); *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). Further, since the removal statutes are strictly construed, all doubts will be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979). In the case at bar, the defendants contend that this court has jurisdiction over the present action based either upon federal question jurisdic-

---

2. Title 28 U.S.C. § 1441(b) states:
Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3. Title 28 U.S.C. § 1334(a) states that "[e]xcept as provided in subsection (b) of this section, the

district court shall have original and exclusive jurisdiction of all cases under title 11."

4. Title 28 U.S.C. § 1452(a) states that "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

tion, or because plaintiff has filed for protection under the bankruptcy statutes. Therefore, the defendants carry the burden of establishing federal jurisdiction in this action.

### Plaintiff's Complaint

On or about March 29, 1990, the plaintiff executed a Retail Installment Contract and an Agreement to Furnish Insurance in connection with her purchase of an automobile which was to be financed by The Peoples Bank. (*See* Complaint, ¶ 4). During the term of this loan, the plaintiff allowed her insurance coverage to lapse on more than one occasion. After discovering such lapse, The Peoples Bank, consistent with its rights, placed insurance on the collateral under a CPI policy procured from Central National Insurance and/or Prudential Property and Casualty Insurance Company for various periods of time corresponding to the period of time when the plaintiff had allowed her insurance coverage to lapse. Supposedly, this was done to protect The Peoples Bank's interest in the collateral, and not to provide the plaintiff with an alternative source of standard automobile insurance.

On or about May 19, 1994, the plaintiff signed a subsequent promissory note renewing the indebtedness due The Peoples Bank from the forced placed insurance premiums which had become due from the prior automobile loan. (*See* Answer, ¶ 21). The amount of this note was $5,938.97. The plaintiff made payments under this note and reduced the principal amount to $4,057.35, at which time she stopped paying. Thereafter, on May 1, 1995, the plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Mississippi, Eastern Division, case number 95–11177. The Peoples Bank was listed as an unsecured creditor for the balance of the insurance premium due in relation to the plaintiff's automobile. The United States Bankruptcy Court entered an order granting plaintiff a discharge of her indebtedness to The Peoples Bank on August 14, 1995. (*See* Bankruptcy File attached to Defendants' Response to Plaintiff's Motion to Remand, Exhibit "A").

The plaintiff, in her complaint, essentially complains that the defendants, The Peoples Bank and Ross & Yerger, breached their duty of good faith and fair dealing and other fiduciary duties. (Complaint, ¶¶ 4–16). The plaintiff alleges that the defendants intentionally obtained insurance coverage at a rate higher than would have otherwise been available to the plaintiff individually. The plaintiff also alleges that the defendants profited by charging such exorbitant premiums and then financing said premiums, thereby earning interest, and that The Peoples Bank and Ross & Yerger "engaged in a course of conduct which conduct constitutes a pattern, practice, design a scheme (sic) to defraud [the Plaintiff]." (Complaint, ¶ 12).

### Whether A Claim Under TILA Is Alleged

As earlier stated, a case is removable if it is "founded on a claim arising under the Constitution, its laws, or treaties of the United States." Title 28 U.S.C. § 1331. Federal law need not create the cause of action, for the Supreme Court has often noted that a case can "arise under" federal law "where the vindication of a right under state law necessarily turn(s) on some construction of federal law." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 8–9, 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see also Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 542 (5th Cir.1990). "Even though the claim is created by state law, a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law." *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 827 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

The TILA is encompassed in Title I of the Consumer Credit Protection Act, as amended, Title 15 U.S.C. § 1601, *et seq.* The regulations promulgated pursuant to the TILA, commonly known as Regulation Z, are set forth in Title 12 of the Code of Federal Regulations, 12 C.F.R. § 226.1, *et seq.* The TILA and the underlying regulations impose mandatory disclosure requirements on insti-

tutions extending credit to consumers and control what charges flowing from a credit transaction may be charged to a borrower. Under the TILA, federal and state courts have concurrent jurisdiction. *See* Title 15 U.S.C. § 1640(e). Section 1640(e) of the Act provides that:

> Any action under this section may be *brought* in any U.S. District Court, or in any other Court of competent jurisdiction ... (emphasis added).

■ The above language connotes the bringing of an action as an initial matter in federal or state court. Consequently, an action based on alleged violations of the TILA is removable pursuant to Title 28 U.S.C. § 1441(b) because the district court has original jurisdiction over these matters under Title 15 U.S.C. § 1640(e). *Pace v. Hunt*, 847 F.Supp. 508, 509 (S.D.Miss.1994) (civil action is removable where there is concurrent original jurisdiction in both federal and state courts).

■ Defendants' removal of this case was proper because to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA. The TILA, Title 15 U.S.C. § 1601, *et seq.*, requires institutions which extend credit to consumers to make certain disclosures related to credit transactions. Under the Truth in Lending Act, lenders are required to disclose certain financial details of their consumer credit contracts. The purpose is to insure "meaningful disclosure of credit terms so that the consumer will be able ... to avoid the uninformed use of credit...." Title 15 U.S.C. § 1601. As the Supreme Court has stated, the "Truth in Lending Act reflects a transition in congressional policy from a philosophy of 'Let the buyer beware' to one of 'Let the seller disclose.'" *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 377, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). The Federal Reserve Board is empowered by the Truth in Lending Act to prescribe regulations carrying out the purpose of "meaningful disclosure." Title 15 U.S.C. § 1631(a)-(b). Regulation Z, promulgated under this authority, specifies the content and form of the disclosures that creditors must make. 12 C.F.R. § 226. Furthermore, the TILA sets forth which charges stemming from a credit transaction may be assessed against a borrower by a lender. Plaintiff's essential charge here is that her lender imposed improper charges on her credit transaction and failed to make the proper disclosures.

■ In her Motion to Remand, plaintiff has invoked the "well-pleaded complaint rule" as the only support for her position· that this court does not have federal question jurisdiction. "The existence of a federal question will depend upon the application of the well-pleaded complaint rule." (Plaintiff's Motion to Remand, page 3). Under the "well-pleaded complaint rule," federal courts have original or removal jurisdiction over only those cases in which a well-pleaded complaint establishes that the plaintiff's remedy depends on resolution of a substantial question of federal law or that the cause of action is created under federal law. *Herrington v. J.R. Pounds, Inc.*, 874 F.Supp. 133, 136 (S.D.Miss.1995).

■ However, if courts were to apply the well-pleaded complaint rule strictly without exception, a plaintiff could avoid a federal forum simply by failing to make a specific reference to a federal law or statute in the complaint. In order to prevent this manipulation of jurisdiction by plaintiffs, courts have established the "artful pleading doctrine" as an exception to the well-pleaded complaint rule. *Aaron*, 876 F.2d 1157, 1161 (5th Cir. 1989). Applying the artful pleading doctrine, a court will evaluate whether a plaintiff has "artfully" failed to plead a federal cause of action in order to conceal the true federal nature of the plaintiff's claims. If the court determines that the plaintiff's motive for failing to plead a federal claim is to circumvent federal question jurisdiction, then the court, applying the exception to the well-pleaded complaint rule, will allow removal to federal court. *Merkel*, 886 F.Supp. 561, 565 (N.D.Miss.1995) (quoting *Aaron*, 876 F.2d at 1161).

The plaintiff here has omitted any specific reference in her complaint to the TILA, but that does not change the fact that her claims, as stated above, are essentially based upon alleged violations of the TILA. The complaint

plainly alleges violations of the TILA. The plaintiff cannot circumvent federal jurisdiction by the use of artful pleading and the invocation of the well-pleaded complaint rule. The mere failure to make specific reference in a complaint to a federal statute or other source of federal law is not enough to prevent removal or federal question jurisdiction. 14A Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure,* § 3722 at 276 (2d ed.1985); *see also Baccus v. Parrish,* 45 F.3d 958, 960–61 (5th Cir.1995) (court looked beyond face of complaint and held that case was removable, although complaint purported to involve only questions of state law); *Uncle Ben's International Division of Uncle Ben's, Inc. v. Hapag–Lloyd Aktiengesellschaft,* 855 F.2d 215, 217 (5th Cir.1988) (stating that notwithstanding artful pleading which made no reference to federal law, action could have been brought originally in federal court). Accordingly, removal of this case was appropriate.

### Whether Plaintiff's Bankruptcy Petition Confers Jurisdiction

Defendants argue that this court has yet another basis for retaining jurisdiction over this lawsuit. On May 1, 1995, plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Mississippi, Eastern Division, Case No. 95–10994. (*See* Bankruptcy File attached as Exhibit "A" to Defendant Peoples Bank's Response to Plaintiff's Motion to Remand). Defendants contend that since the putative claims stated in the plaintiff's complaint in this case were neither scheduled nor abandoned, they are property of the bankruptcy estate under Title 11 U.S.C. §§ 541 and 554(d). As such, say defendants, this court has original jurisdiction over the present action under Title 28 U.S.C. § 1334(b), and this matter has been properly removed pursuant to Title 28 U.S.C. § 1452. This court agrees.

██ What is considered the "property of a bankruptcy estate" is broadly construed by the bankruptcy statutes. Title 11 U.S.C. § 541(a)(1) provides that a debtor's estate consists of "all legal or equitable interests of the debtor in property as of the commence-

ment of the case" under Title 11 U.S.C. §§ 301, 302 or 303. Claims or causes of action that a debtor may have upon the filing of a bankruptcy petition are thus property of the bankruptcy estate. *See In re M & L Business Mach. Co., Inc.,* 136 B.R. 271 (Bankr.D.Colo.1992) (property of a bankruptcy estate is broadly defined by bankruptcy statute and includes all legal and equitable interests that debtor had in property, including causes of action, upon filing of bankruptcy petition); *In re Moore,* 110 B.R. 924 (Bankr.C.D.Cal.1990) (scope of bankruptcy code provision defining "estate property" is broad and includes intangible properties such as a cause of action); *Matter of U.S. Marketing Concepts,* 113 B.R. 487 (Bankr.N.D.Ind. 1990) (bankruptcy estate consists of much more than what one might traditionally associate with the concept of property of debtor and extends to causes of action).

██ As such, plaintiff's putative claims against the defendants are property of the bankruptcy estate. Furthermore, the plaintiff did not in any way abandon her claims against the defendant Peoples Bank and Trust Company. Title 11 U.S.C. § 541(d) provides that "unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." Thus, plaintiff's claims against the defendants continue to be property of the estate.

██ Because the plaintiff's claims are part of the bankruptcy estate, this court has jurisdiction over the present matter pursuant to Title 28 U.S.C. § 1334. Title 28 U.S.C. § 1334(b) states:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

In *Matter of Wood,* 825 F.2d 90 (5th Cir. 1987), the Court considered whether an action for wrongful appropriation of corporate assets was related to a Chapter 11 bankruptcy petition such that bankruptcy jurisdiction

existed over the wrongful appropriation claim. The court held that a proceeding is related to a bankruptcy estate "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93. The Court explained:

For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under," "arising in a case under," or "related to a case under," title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy. The Act does not define "related matters." Courts have articulated various definitions of "related," but the definition of the Court of Appeals for the Third Circuit appears to have the most support: "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." This definition comports with the legislative history of the statutory predecessor to section 1334. Neither *Marathon* nor general concerns of comity counsel against its use. We adopt it as our own. *Id.*

It is readily apparent that the outcome of the present action could conceivably have an effect on the plaintiff's estate being administered in bankruptcy, and that the two proceedings are thus related. In her complaint, plaintiff has asked for both compensatory and punitive damages. Though defendants argue that the plaintiff is not entitled to any recovery whatsoever, any recovery that the plaintiff obtains would clearly have an effect on the plaintiff's bankruptcy estate. *See Bank of Lafayette v. Baudoin*, 981 F.2d 736 (5th Cir.1993) ($4,000,000 claim belonging to bankruptcy estate could conceivably affect on bankruptcy estate administration); *O'Rourke v. Cairns*, 129 B.R. 87 (E.D.La.1991) (malpractice action against debtor physician could affect estate and thus deemed "related to" bankruptcy).

Further, in her complaint, plaintiff has alleged that the defendants' conduct, which is the subject of the present action, forced her into bankruptcy. Clearly, the present matter and the plaintiff's bankruptcy proceeding are related, and this court has jurisdiction pursuant to Title 28 U.S.C. § 1334.

Because this court has jurisdiction of the present matter under Title 28 U.S.C. § 1334, this case has been properly removed pursuant to Title 28 U.S.C. § 1452(a). Title 28 U.S.C. § 1452(a) provides that a party may remove a cause of action to district court if that district court has jurisdiction of the action under Title 28 U.S.C. § 1334. Title 28 U.S.C. § 1452(a) states in full:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police power or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

### CONCLUSION

In conclusion, this court holds that it has subject matter jurisdiction pursuant to allegations in plaintiff's complaint asserting claims under the TILA. Although plaintiff's complaint makes no mention of the TILA, this court readily discerns the evident applicability of the Act's reach.

Further, this court holds that the claims of the plaintiff are property of the bankruptcy estate. As such, the present action is related to the bankruptcy proceeding in that the present action could conceivably effect the administration of the bankruptcy estate. For that reason, this court has jurisdiction of the present matter under Title 28 U.S.C. § 1334(b), and this action was properly removed pursuant to Title 28 U.S.C. § 1452.

Accordingly, based upon the reasons above provided, this court denies plaintiff's motion to remand. The parties are directed to confer with the assigned Magistrate Judge to complete a scheduling order.