Teresa **EASTERLING**, Plaintiff.

v.

**GULF GUARANTY INSURANCE COMPANY and Gulf Guaranty Life Insurance Company, Defendant.**

**No. Civ.A. 2:99–CV–96PG.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Aug. 24, 1999.

---

J. Andrew Phelps, J. Andrew Phelps, Attorney, Hattiesburg, MS, Larry O. Norris, Larry O. Norris, Attorney, Hattiesburg, MS, F. Marvin Morris, III, Anthony Sakalarios, Morris & Sakalarios, Hattiesburg, MS, for Teresa Easterling, plaintiff.

Fred Krutz, III, Daniel J. Mulholland, Sara Kay Freeman, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Gulf Guaranty Insurance Company, defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Motion to Remand filed on behalf of the Plaintiff. The Court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The Court specifically finds as follows, to wit:

### FACTUAL BACKGROUND

This matter was commenced by the filing of Plaintiff's complaint in the Circuit Court of Covington County. This is one of twenty cases now pending before this Court dealing with this same issue, same factual allegations, and same defendants. The Plaintiff was the recipient of one or several loans at finance companies located in this area. The Plaintiff alleges that as a condition of securing these loans, she was required to purchase various forms of credit life insurance issued by the Defendants Gulf Guaranty Insurance Company and/or Gulf Guaranty Life Insurance Company. These insurance products included credit life insurance, credit disability insurance, and/or personal property insurance. The Plaintiff's complaint alleges that the cost of this insurance was excessive and beyond that what the Plaintiff either already had or could have acquired from other sources. The Plaintiff asserts that the insurance offered by the Defendants covered property of little or no value and that the insurance was basically worthless because the insurance companies wrongfully adjusted claims contrary to Mississippi law on a regular basis. The Plaintiff further alleges that the insurance companies charged a premium for insurance which it knew could never be collected on. The Plaintiff also alleges that the property insurance coverage was illusory because it required default and repossession as a condition precedent to coverage and that such insurance is actually credit insurance rather than property insurance and that such is unlawful and unauthorized under the laws of the State of Mississippi. The Plaintiff also alleges that the Defendants violated Miss.Code Ann. (1972) § 83–3–121 by paying to the finance companies a commission for the sale of the insurance in question. The Plaintiff also alleges that the Defendants have failed to properly refund credit life, credit disability, and/or property insurance on refinancing of the Plaintiff's loan. The Plaintiff further contends that the Defendants placed property insurance for the total amount of the payments on the loan rather than the original principal amount of the loan.

The Plaintiff also makes general allegations that Defendants have breached a duty of good faith and fair dealing and fiduciary relationship between the Plaintiff and Defendants. The Plaintiff has stated claims for tortuous breach of contract, negligence, and gross negligence, as well as the breach of fiduciary duty and requested compensatory and exemplary damages.

The Defendants have removed these cases to this Court asserting federal question jurisdiction by alleging that Plaintiff's claims are in actuality based on the Truth in Lending Act (TILA). The Defendants vehemently argue that the Plaintiff's claims are a disguised attempt to attack the disclosure requirements and standards

governing the insurance company under TILA and specifically the provisions relating to the treatment of insurance premiums and how they are collected or charged and how they are computed as a part of the finance charge. See generally 12 C.F.R. § 226.4(d).

The Plaintiff has filed this Motion to Remand claiming that she has stated claims only under Mississippi law and has specifically foregone claims which she could have raised under federal law.

There are at least three cases involving similar factual situations which have been ruled on by other district judges within this district. Those cases are *Gandy v. The Peoples Bank and Trust Company*, 224 B.R. 340 (S.D.Miss.1998); *Allen v. City Finance Company*, 224 B.R. 347 (S.D.Miss.1998); and *Brenda Walker v. Gulf Guaranty Insurance Company and Gulf Guaranty Life Insurance Company*, No. 3–99cv303BN, (July 1, 1999). These last two cases resulted in a remand to the state courts from whence the complaints came. The Court declined to remand in the *Gandy* case. The parties have confirmed to the Court that if the Court chooses to follow the reasoning set out in *Walker* and *Allen*, then this case should properly be remanded. However, the Defendants urge the Court to follow *Gandy* and deny the remand.

■ The burden of establishing federal jurisdiction is on the removing party. *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). This Court may not and should not exercise jurisdiction over cases removed from state court unless there is a showing of federal jurisdiction. Under our doctrine of "federalism" this Court should not usurp authority over cases that are properly in state court. *See, Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979).

It is Hornbook law that Federal courts are courts of limited jurisdiction and that the plaintiff is the master of his complaint. "The party who brings a suit is master to decide what law he will rely upon." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir.1988). *See also, Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915). "A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In accordance with the above precedent and under the facts of this case, this case clearly should be remanded to state court.

■ After a careful review of the matter, the Court concludes that the facts of this case more closely resemble those addressed in *Walker*. Specifically, this Court concludes that the Plaintiff has stated viable state law causes of action and if TILA has been invoked, it is only in an insubstantial way.

Defendant claims that under the artful pleading exception this case should be remanded. Defendant argues that Plaintiff has artfully pled a federal claim as a state claim. As carefully pointed out by Judge Barbour in the *Walker* opinion, the artful pleading exception to the well pleaded complaint rule does not apply where a plaintiff has stated viable state causes of action as opposed to trying to avoid federal jurisdiction by disguising federal claims as state claims. This is the primary distinction between *Walker* and *Gandy*.

In *Gandy*, Judge Wingate determined that the plaintiff had stated no state law cause of action. As such, Judge Wingate was confronted with nothing but the construction and application of TILA to the facts of the case, which required a finding of subject matter jurisdiction. Judge Wingate also found that the *Gandy* case was related to a core proceeding in bankruptcy as an additional basis for refusing to remand the case. Those issues are not before this Court. As the Court has already

specifically found, the plaintiff has stated viable state law causes of action and if TILA is involved at all, it is only in a minor way. This Court agreeing with the reasoning of Judge Barbour in *Walker*, finds that this matter should be remanded to the Circuit Court of Covington County from whence it came.

Plaintiff has urged the Court to assess attorneys fees and costs against Defendant for removal of this case. Although the Court concludes that this case is not controlled by *Gandy*, nevertheless, the language in *Gandy* did give the Defendant a plausible argument and the Court declines to assess either attorneys fees or costs in view of *Gandy*. In the future Defendants are advised to consider that the law in this area is, in the opinion of this Court, rather straightforward.

Defendant argues in the alternative that this Court should certify the issue in this case to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b). The Court declines to do so because in the opinion of this Court there is no substantial ground for difference of opinion under the facts before this Court and an immediate appeal to the Fifth Circuit would not materially advance the ultimate termination of this litigation but rather would greatly prolong the termination of this litigation. Consequently this Court declines to certify this case to Fifth Circuit Court of Appeals pursuant to the above section.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this matter be remanded to the Circuit Court of Covington County.

IT IS FURTHER ORDERED AND ADJUDGED that the clerk of this Court will promptly return the entire file of this matter to that Court.