**Dwight BROWN, Plaintiffs,**

v.

**VICKERS EMPLOYEES CREDIT UNION and Cuna Mutual Insurance Group, Defendants.**

No. CIV. A. 3:01–CV–642BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 5, 2001.

Charles Victor McTeer, McTeer & Associates, Greenville, MS, Rayford G. Chambers, McTeer & Associates, Jackson, MS, for plaintiffs.

Teselyn Afrique Melton, Robert L. Gibbs, Brunini, Grantham, Grower & Hewes, Terry R. Levy, Catouche J.L. Body, Daniel, Coker, Horton & Bell, Jackson, MS, for defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of the Plaintiff to Remand. Defendant Vickers Employees Credit Union ("Vickers") filed a Response to this Motion in which Defendant CUNA Mutual Insurance Group ("CUNA") has joined. The Court has considered the Motion, Response, attachments to each, and supporting and opposing authority and finds that the Motion of the Plaintiff to Remand is well taken and should be granted.

### I. Background Facts and Procedural History

The Plaintiff filed this lawsuit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on June 24, 1999. The Complaint arises out of loan agreements the Plaintiff entered into with Vickers. The Plaintiff alleged causes of action against Vickers for, among other things, conversion, trespass, breach of covenant of good faith and fair dealing, and tortious breach of contract. Following discovery on or about July 25, 2001, Plaintiff amended his Complaint alleging causes of action against the named Defendants for intentional or reckless fraud and suppression, negligent misrepresentation, negligent training and supervision, breach of fiduciary duty and civil conspiracy.

On August 24, 2001, Defendants removed the case to the United States District Court for the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. §§ 1331 and 1441(b). Removal was based on an assertion that federal question jurisdiction existed, despite the fact that the Plaintiff only set forth state law causes of action in the Complaint and specifically disclaimed all federal causes of action that might be available to him.

Plaintiff has moved to have this case remanded to state court. Plaintiff contends that (1) removal was untimely under 28 U.S.C. § 1446(b), and (2) the artful pleading doctrine has not been implicated and, therefore, federal question jurisdiction does not exist.

### II. Analysis

#### A. 28 U.S.C. § 1446(b)

A defendant must give notice of removal of a civil action within thirty days of receiving "through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or, if the case is not removable at the outset, it may be removed within thirty days of receiving "through service or otherwise, a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b). Defendants contend that, by including a cause

of action for fraudulent concealment in his second amendment of his Complaint on July 25, 2001, the case became removable. Defendants argue that a cause of action for fraudulent concealment requires the Court to consider the mandatory disclosure requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Regulation Z.

■ The Plaintiff argues that, if the case became removable, it was on October 26, 2000, the date Defendants received notice of facts triggering removability. The Plaintiff urges the Court to find that statements made by him during depositions on October 26, 2000, qualify as "other papers" under § 1446(b). While the Plaintiff is correct in his contention that "other paper" as contemplated by § 1446(b) "is not restricted solely to papers filed in [a] case," *Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 81 (S.D.Miss. 1995) and that deposition testimony may constitute "other paper" *see Trotter v. Steadman Motors, Inc.*, 47 F.Supp.2d 791, 793 (S.D.Miss.1999), the deposition testimony to which Plaintiff refers does not meet the requirements as set out in *Trotter* and, therefore, was not a basis for removal.

■ In order for deposition testimony to qualify as "other paper" under § 1446(b), it must "clarify the nature of an existing claim." *Trotter*, 47 F.Supp.2d at 793 (citing *Gruner v. Blakeman*, 517 F.Supp. 357, 361 (D.Conn.1981) (stating that reference to "other paper" in § 1446(b) relates "only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated.")). The October, 2000, deposition testimony of the Plaintiff did not clarify or reveal an existing federal cause of action, but only spoke to the alleged contractual and misrepresentation claims made by the

Plaintiff. The Court, therefore, finds that Defendants' notice of removal was timely filed. Whether the Court will hear the case, however, depends on the Court's finding that Defendants' jurisdictional claims are well-founded, and that there is, in fact, a federal question to be considered.

### B. Federal Question Jurisdiction, 28 U.S.C.§ 1331

The Plaintiff's complaint sets forth numerous state law claims, including intentional or reckless fraud and suppression, negligent misrepresentation, negligent training and supervision, breach of fiduciary duty and civil conspiracy. The Plaintiff expressly states in his Complaint that he is not asserting any causes of action under federal law. Defendants contend, however, that even though a federal claim does not appear on the face of the Complaint, this Court has subject matter jurisdiction because the Plaintiff's claims are governed by federal law.

■ Pursuant to 28 U.S.C. § 1447(c), a case that has been removed from state court under 28 U.S.C. § 1441(a) must be remanded if the district court finds that it lacks subject matter jurisdiction. Generally, to determine whether a federal question exists for removal purposes, a court examines the allegations of the plaintiff's well pleaded complaint. *See Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir.1995). Under the well pleaded complaint rule, a federal question must appear on the face of a plaintiff's state court complaint before a federal district court may exercise removal jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In the case *sub judice*, examination of the subject state court Complaint does not reveal any federal question upon which this Court can exercise removal jurisdiction. The Plain-

tiff has only pled state law claims ranging from fraudulent concealment and negligence to breach of fiduciary duty, and has expressly disclaimed all federal claims.

The Defendants, however, argue that this case is removable under the artful pleading doctrine. Specifically, the Defendants contend that the allegations of fraudulent concealment made by the Plaintiff is governed by TILA and Regulation Z which impose mandatory disclosure requirements upon all institutions that extend credit to consumers. *See* 15 U.S.C. § 1610.

■ The artful pleading doctrine applies in cases in which a plaintiff has essentially pled a federal cause of action but files a complaint in state court, asserting only state law claims, to avoid federal jurisdiction. In this situation, a federal district court is required to look behind the face of complaint and ascertain the real nature of the plaintiff's complaint. *See Carpenter*, 44 F.3d at 366–67. The artful pleading doctrine may apply in cases in which the plaintiff has pled only state law claims but the state law causes of action are preempted by federal law. When this occurs, the case is removable even though only state law claims appear in the compliant. *See e.g. Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (holding that in cases in which ERISA applies, a case may be removed to federal court even though only state law claims appear in the compliant). In the case *sub judice*, the Defendants do not assert that the Plaintiff's state law claims are preempted by federal law. Moreover, the Court has not found a basis, statutory or otherwise, for holding that the TILA preempts any of the Plaintiffs' otherwise viable state law claims. *See* 15 U.S.C. § 1610.[1]

■ The artful pleading doctrine may also apply in cases in which state law claims are pled but the court would necessarily have to look to federal law when ruling on those claims. *See Carpenter*, 44 F.3d at 366 (quoting 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3722 (2d ed.1985)). Mississippi law recognizes causes of action for fraudulent and negligent misrepresentation. *See e.g. Cockerham v. Kerr–McGee Chem. Corp.*, 23 F.3d 101, 105 (5th Cir.1994) (applying Mississippi law); *Levens v. Campbell*, 733 So.2d 753, 761–62 (Miss.1999); *Spragins v. Sunburst Bank*, 605 So.2d 777, 780 (Miss. 1992). Mississippi also recognizes that, in some relationships between an insured and the agent or insurer, the latter has a fiduciary duty under proper circumstances. *See American Bankers Ins. Co. of Fla. v. Alexander*, 2001 WL 83952, at *11 (Miss. Feb. 1, 2001) (citing *Lowery v. Guaranty Bank and Trust Co.*, 592 So.2d 79 (Miss. 1991)). The Defendants, however, contend that the Plaintiff's claims are actually disguised federal claims because the Court will necessarily have to construe the TILA in order to resolve them. The Court disagrees.

Even though some of the Plaintiff's misrepresentation claims refer to specific disclosures that are required under the federal statutes, it does not follow, as the Defendants contend, that but for the existence of those federal statutes, the Plaintiff would have no state common law claim for misrepresentation. For example, just because the TILA requires a "Truth–in–Lending Disclosure Statement" does not mean that a person who misrepresents the contents of that document,

---

1. The TILA preempts state law only to the extent that it is inconsistent with the federal statutes. *See id.*

or makes a misrepresentation on the document itself, can not he held liable under state common law for misrepresentation. This is especially true since, as stated above, the TILA does not generally preempt state law. *See* 15 U.S.C. § 1610. Accordingly, the Plaintiff is not foreclosed from foregoing the specific remedies provided by federal statutes, and may limit his recovery to remedies available under state common law. As master of his complaint, the Plaintiff was well within his rights to forego any claims he might have had under the TILA.

■ The Defendants cite to the opinion of United States District Judge Henry T. Wingate in *Gandy v. The Peoples Bank and Trust Co.*, 224 B.R. 340 (S.D.Miss. 1998) in support of their argument that the Plaintiff's state law claims are actually disguised federal claims. In *Gandy*, the plaintiff asserted claims almost identical to those alleged by the Plaintiff in the present case. *Id.* at 343. Judge Wingate denied Gandy's motion to remand under the artful pleading doctrine, holding that "to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA." *Id.* at 344. The Plaintiff counters by citing *Allen v. City Finance Co.*, 224 B.R. 347 (S.D.Miss.1998) and *Easterling v. Gulf Guar. Ins. Co.*, 60 F.Supp.2d 586 (S.D.Miss.1999) (J. Pickering), two cases which also involved claims very similar to those alleged by the Plaintiff, but were remanded to state court. As stated in *Easterling*, "the artful pleading exception to the well pleaded complaint rule does not apply where a plaintiff has stated viable state causes of action as opposed to trying to avoid federal jurisdiction by disguising federal claims as state claims." *Easterling* 60 F.Supp.2d at 588.

This is not a case in which the Plaintiff has attempted to disguise federal law claims in an attempt to avoid federal juris-diction. Instead, the Court finds that the Plaintiff has chosen to assert viable state law claims in lieu of any federal law claims he may have. The Plaintiff can clearly maintain a cause of action for fraudulent and/or negligent misrepresentation without the Court necessarily having to construe federal law. The Court, therefore, finds that the artful pleading doctrine has not been implicated, and that exercising removal jurisdiction pursuant to 28 U.S.C. § 1331 is not warranted.

### III. Conclusion

IT IS THEREFORE ORDERED that Motion of the Plaintiff to Remand [3–1] is hereby granted. This case shall be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.