**Marilyn N. WALKER Plaintiff**

**v.**

**ATWOOD CHEVROLET–OLDS, INC., d/b/a Triple G Used Cars, and John Does 1–10 Defendant**

**No. CIV.A. 300CV647WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Dec. 28, 2001.

title more than one year after commencement     of the action.''

James W. Newman, IV, Newman & Newman, Thomas R. Frazer, II, Frazer & Davidson, P.A., Jackson, for Marilyn N. Walker, plaintiffs.

Joel W. Howell, III, Joel W. Howell, III, Attorney, Jackson, R.E. Parker, Jr., Clifford C. Whitney, III, Varner, Parker & Sessums, Vicksburg, for Atwood Chevrolet Olds, Inc. dba Triple G Used Cars, John Does, 1–10, defendants.

### ORDER GRANTING REMAND TO STATE COURT

WINGATE, District Judge.

Before the court is the plaintiff's Motion to Remand. Plaintiff Marilyn Walker submits her motion pursuant to the dictates of Title 28 U.S.C. § 1447(c).[1] By her motion, plaintiff asks the court to return this lawsuit to the state court from which the

---

1. Title 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter juris- diction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

defendant removed the lawsuit to this federal forum. Defendant Atwood Chevrolet-Olds, Inc., d/b/a Triple G Used Cars, opposes the motion. Nevertheless, this court is persuaded to grant the motion for the reasons which follow.

## BACKGROUND

On August 30, 2000, the defendant removed this lawsuit from the Circuit Court for Claiborne County, Mississippi, on the basis of federal question jurisdiction as bestowed by Title 28 U.S.C. § 1331.[2] Aggrieved over a financial transaction with defendant, Atwood Chevrolet Olds, Inc., d/b/a Triple G Used Cars, relative to the purchase of a 1985 Oldsmobile and over defendant's subsequent repossession of this vehicle from plaintiff, plaintiff filed a complaint against defendant alleging counts of intentional misrepresentation, negligent misrepresentation, breach of contract, wrongful repossession, negligence, excessive and unauthorized repossession fees, violation of Mississippi statutory duties, and emotional distress, for which she prays for actual damages in the sum of one million dollars ($1,000,000.00) and punitive damages in excess of five million dollars ($5,000,000.00). The complaint expressly disclaims any federal causes of action.

Defendant's initial interrogatories to plaintiff, filed May 15, 1998, included the following:

Interrogatory No. 5.1: For each and every cause of action upon which you base a claim of liability against this defendant, give the factual information upon which you base each such claim, the name and address of each witness upon whom you will rely for such factual information, and the information known by each such witness.

5.1 (second): For each and every cause of action upon which you base a claim of liability against this defendant, give the legal basis for each such claim, including applicable statutory and case authority.

In response, plaintiff's first answers to interrogatories of July 15, 1998, included the following:

Response: They are liable because I asked them not to pull the car. See response to Interrogatory No. 1.3.

Plaintiff's counsel did not pursue the case until the spring of this year. On April 20, 2000, defense counsel filed a Motion to Determine Sufficiency of Responses to Discovery, expressly including the foregoing interrogatories. After depositions of the parties at the end of May, the following supplemental answer to the foregoing interrogatories was given on June 5:

Supplemental response: I am a layperson with no knowledge of the law. However, I would state that I was cheated in my dealings with Triple G Used Cars and that my car was repossessed after I said "no." Mr. Dorsey created a scene when he repossessed my car, used abusive language, and came into my home without permission. Please also see my responses to Interrogatories 1.1 and 1.3.

Defense counsel continued to press for a more definite statement since neither of the first two answers to the interrogatories effectively stated a cause of action under Mississippi law. Later, plaintiff sent defendant a Second Supplemental Responses by certificate of service dated July 24. This response alluded to several state law causes of action based on fraud, misrepresentation, and breach of the duty of fair dealing.

---

**2.** Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

On August 29, 2000, plaintiff sent defendant a draft of a Pre–Trial Order. According to defendant, this draft, for the first time, indicated that the true gravamen of plaintiff's cause of action arose under the Truth in Lending Act (hereinafter "TILA"). That draft included in part the following:

> .... Triple G. fraudulently represented that no interest was being charged, yet front end loaded the price of the vehicle well beyond its worth thus *concealing the "interest charge" and violating the law.* This was an illegal and fraudulent intent to violate disclosure requirements, and usury laws. (emphasis added)
>
> ....
>
> She was *deceived and scammed into believing she would not be charged interest when in fact she was in the form of inflated pricing. She was charged fees she had no knowledge of and was never fully explained the contract.* The defendants breached their duty of good faith and fair dealing .... (emphasis added)

The next day, the defendant removed this lawsuit to this court on grounds that the plaintiff's August 29, 2000, pretrial Order shows that the plaintiff is pursuing a federal cause of action under TILA, and that removal is authorized on that basis.

### LAW OF REMAND

#### A. *Removability*

Under Title 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served on such defendant or defendants in such action." Title 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Additionally, § 1446(b) states that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable ...."

District Courts are granted federal question jurisdiction of all civil claims "arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1331. An action is removable under Title 28 U.S.C. § 1441(b) if the district court would have had original federal question jurisdiction of the matter when filed. Removal is appropriate if the action could have been heard in federal court. *See Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157, 1160 (5th Cir.1989), *reh'g denied,* 886 F.2d 1314 (5th Cir.1989) (defendant may remove state court action if action could have been filed originally in federal court). Of course, the defendant has the burden of establishing that removal of the lawsuit to federal court is proper. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). Further,

since the removal statutes are strictly construed, all doubts are resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).

## B. *Federal Question*

■ Under 28 U.S.C. § 1441, a defendant may remove a case from state to federal court if federal jurisdiction exists. *See Blakeley v. United Cable System,* 105 F.Supp.2d 574, 578 (S.D.Miss.2000). In the instant case this court is not persuaded that a claim under TILA is present, particularly when the plaintiff has disavowed any federal claim in her complaint. Nevertheless, to determine whether this case "arises under" TILA, the court must look to the "well pleaded complaint" rule. As stated by the Fifth Circuit:

A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.... Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.... Accordingly, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal. A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action."

*Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir.1995) (citations omitted).

■ First, this court notes that, even if TILA had been asserted by the plaintiff in this case, Congress specifically has reserved the prerogative of states to enforce the requirements of TILA, and has not displaced state law in this area completely. *See Greer v. MAJR Financial Corporation,* 105 F.Supp.2d 583, 590 (S.D.Miss. 2000), citing *Hart v. Bayer Corporation,* 199 F.3d 239, 244 (5th Cir.2000). In *Hart* the Fifth Circuit noted that in order for complete preemption to exist the federal statute must (1), contain a civil enforcement provision; (2), include a specific grant of federal subject matter jurisdiction; and (3), reflect a clear manifestation of congressional intent to make preempted state-law claims removable to federal court. *Id.,* at 246. Based on the statute's preservation of a state's prerogative to enforce, and based on the absence of these three factors, TILA clearly is not a federal statute which completely preempts state law.

■ Secondly, where a plaintiff asserts claims that arise under both federal and state law, the plaintiff is the master of his complaint, and he may decide in which forum he chooses to proceed:

A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded. *Id.* (citations omitted).

\* \* \* \* \* \*

The artful pleading doctrine is an exception to the well-pleaded complaint: [I]n certain situations where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law.... The artful pleading doctrine recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has

no state claim at all. The doctrine does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character.... Absent such extraordinary circumstances, the well-pleaded complaint rule governs.... That is, *if a plaintiff indeed has a viable state claim, he may depend on it alone and thereby defeat attempts at removal* (emphasis added). *Id.* at 366–367, citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 396, 107 S.Ct. 2425, 2431–32, 96 L.Ed.2d 318 (1987).

In the instant case the plaintiff's complaint expressly disclaims any federal causes of action, relying wholly on state law claims. This is not a case in which the plaintiff has attempted to disguise federal law claims in an attempt to avoid federal jurisdiction. Instead, the complaint asserts state law claims, and the plaintiff can maintain a cause of action based on her claims of fraud and/or negligent misrepresentation without the state court necessarily having to construe federal law in order to reach a conclusion. Under such circumstances the artful pleading doctrine does not apply, and the exercise of this court's removal jurisdiction pursuant to 28 U.S.C. § 1331 simply is not warranted. *Caterpillar,* 107 S.Ct., at 2431–32; and *see Brown v. Vickers Employees Credit Union,* 162 F.Supp.2d 528, 533 (S.D.Miss.2001).

### REMAND TO STATE COURT

Inasmuch as this court is not persuaded that the plaintiff's state court pretrial order responses constitute a federal claim under TILA, this court finds that it must remand the instant case back to the state court from whence it came for lack of subject matter jurisdiction pursuant to Title 28 U.S.C. § 1447(c). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." *See* Title 28 U.S.C. § 1447(d); and *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (holding that section 1447(d) covers all remands based on § 1447(c)); *see also State of Rio de Janeiro of Federated Republic of Brazil v. Philip Morris Inc.,* 239 F.3d 714, 715 (5th Cir.2001). Therefore, this case is hereby remanded to the Circuit Court for Claiborne County, Mississippi.