Mary **TROTTER**, Armelia Trotter, and Mary Trotter, as Mother and Next Friend of Renada Trotter, Plaintiffs,

v.

**STEADMAN MOTORS, INC.** d/b/a J. Martin Autoplex, Willie Jackson and Charles Shealy, Defendants.

No. Civ.A. 4:98CV106LN.

United States District Court, S.D. Mississippi, Eastern Division.

Jan. 14, 1999.

Rance N. Ulmer, Attorney, Bay Springs, MS, for plaintiff.

Monte L. Barton, Jr., Robert P. Thompson, Opeland, Cook, Taylor & Bush, Ridgeland, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiffs Mary Trotter, individually and as next friend of Renada Trotter, and Armelia Trotter to remand the case to the Circuit Court of the First Judicial District of Jasper County, Mississippi. Defendants Steadman Motors, Inc. d/b/a J. Martin Autoplex, Willie Jackson and Charles Shealy oppose the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

On March 10, 1997, plaintiffs filed their first amended complaint in state court,[1] asserting claims for conversion, harassment, fraud, false imprisonment and assault and battery arising from defendants'

sale of an automobile to Mary Trotter and their subsequent repossession of that vehicle. With reference to the fraud claim—which apparently was asserted only by Mary Trotter, individually—the complaint recited that on November 5, 1995, Mary Trotter, using two coupons valued at $1500 that she had received from the Hyundai Corporation, contracted with defendants to buy a Hyundai automobile for $12,245.15. However, when she returned on December 16, 1995 to pick up her car, she was told that it had been sold to another buyer. She was then sold another vehicle of the same year and model for $13,389.10. Mary Trotter charges that defendants' failure to honor the manufacturer's coupons despite their assurance to her that they would do so, their failure to hold the vehicle which she had purchased on November 5, 1995, and their representations about preapproved credit, constituted fraud. No further allegations of fraud appeared in the complaint. However, when Mary Trotter was subsequently deposed by defendants on August 28, 1998, she testified, for the first time, that defendants had not explained to her the difference in price between the two vehicles and that she did not realize that she had been charged a different price until after she had signed the retail installment contract on December 16, 1995 and had left the dealership.

Although conceding that the fraud claim as stated in the amended complaint did not support removal, defendants, relying on the artful pleading exception to the well-pleaded complaint rule, removed the case on September 25, 1998. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (where plaintiff does not possess cognizable state law claim, he may not avoid federal jurisdiction by "artfully pleading a federal cause of action in state law terms"). In their notice of removal, and in response to plaintiffs' motion to remand, defendants take the position that they were first able to ascertain that Mary

---

1. Plaintiffs' original complaint, filed on January 2, 1997, was not served.

Trotter was asserting a claim arising under the federal Truth–in–Lending Act (TILA), 15 U.S.C. § 1601, *et seq.,* only when she gave her deposition testimony. They submit that their removal within thirty days following her deposition was timely, since her deposition testimony constitutes "other paper" within the contemplation of 28 U.S.C. § 1446(b), which states:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. . . .

For their part, plaintiffs deny that Mary has asserted a TILA claim in her complaint or otherwise, but assert that if there is any basis for concluding that there is such a claim in the case, then defendants were, or should have been, aware of the claim from the amended complaint. They contend, that is, that the March 27, 1997 amended complaint was sufficient to put defendants on notice of the purported basis of any TILA claim, i.e., the difference in the price of the vehicle Mary allegedly contracted to buy on November 4, 1995 and the vehicle which she ultimately purchased on December 16, 1995. They reason that the fraud claim, as set forth in the complaint, was based, in part, on the allegation that Mary was misled as to the use of coupons. Implicit in that allegation, they claim, was the further allegation that she was misled as to the price of the vehicle she purchased on December 16, 1995. Plaintiffs conclude, therefore, that defendants' failure to remove within thirty days of their receipt of their amended complaint renders their removal untimely.

In the court's opinion, contrary to plaintiffs' urging, the amended complaint did not include a fraud claim based on defendants' alleged failure to disclose the price, terms and conditions of the sale of the automobile to Mary on December 16, 1995. Consequently, defendants could not reasonably have concluded that the complaint set forth a federal claim, artfully pled or not, and thus they could not have removed the case based on that amended complaint. However, neither could they have properly removed the case on the basis of Mary Trotter's subsequent deposition testimony, when she did testify about claims which would appear to arise under the TILA.

▮▮ Defendants are, of course, correct in their statement that deposition testimony may constitute "other paper" as contemplated by § 1446(b). *See Brooks v. Solomon Co.,* 542 F.Supp. 1229, 1230 (N.D.Ala.1982) (deposition testimony, which revealed for the first time that slanderous remarks alleged in complaint were made during course of grievance committee proceeding in accordance with NLRA, was "other paper" as contemplated by § 1446(b)). But where, as here, the allegations which are said to form the basis of a federal claim which, in turn, forms the basis for removal, do not appear anywhere in the pleadings but have been injected in the case solely in deposition testimony, the putative federal claim simply does not exist as a cognizable claim in the case. In other words, deposition testimony that does not tend merely to clarify the federal nature of an existing claim but which relates to a putative claim *which has not been pled,* is not "other paper" from which it may be ascertained that the case is or has become removable. *See Gruner v. Blakeman,* 517 F.Supp. 357, 361 (D.Conn. 1981) (reference to "other paper" in § 1446(b) relates "only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated") (internal quotations omitted).

▮▮ In this case, Mary Trotter has admittedly testified to facts which she appears to admit would form the basis of a TILA claim; even assuming that they would, however, those facts find no voice in

the complaint. The deposition testimony upon which defendants rely does not clarify or alter the federal nature of a fraud claim that has already been pled, but rather presents facts only that may arguably have supported such a claim had it been pled. In the absence of an amendment to the complaint to assert such a claim—which has not been pled but as to which there has been only deposition testimony—the claim is not a reality and cannot be found to support removal. *See Id.*

In summary, the claim which defendants assert gave them a right to remove is not, under any reasonable reading of the complaint, part of the state court pleadings and defendants have therefore removed the case based on a claim that does not exist. *See Crump v. Wal-Mart Group Health Plan,* 925 F.Supp. 1214, 1219–20 (W.D.Ky.1996) (prior to state court's ruling that Crump could assert a cross-claim containing ERISA claims, "neither a federal claim nor a federal case existed to be removed" and "[t]hough defendant may speculate that Plaintiff intends to assert a removable claim, that speculation has no practical significance until the claim is a reality").[2] Accordingly, the case must be remanded.

Based on the foregoing, it is ordered that plaintiffs' motion to remand is granted.

SO ORDERED.

---

2. This situation presented in the case at bar is not unlike the scenario in which a plaintiff in her complaint asserts that a defendant falsely imprisoned her and then during discovery reveals that she is also seeking recovery for an assault which occurred during the alleged imprisonment incident. The hypothetical defendant, like defendants in the case at bar, would certainly have an objection based on plaintiff's failure to properly plead the claim, if at trial in state court, the plaintiff attempted to offer evidence in support of this unplead theory. However, because this purported claim was not, at the time of the removal, a reality, the court concludes that this case must be remanded.