United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

m 04-41584

JOHNNY CROCKETT, ET AL.,

Appellants,

JOHNNY CROCKETT,
INDIVIDUALLY, AND AS HEIRS TO THE ESTATE OF VERONICA FAYE CROCKETT;
ANDRA KITCHEN,
INDIVIDUALLY, AND AS HEIRS TO THE ESTATE OF VERONICA FAYE CROCKETT;
ROBERT KITCHEN,
INDIVIDUALLY, ANS AS HEIRS TO THE ESTATE OF VERONICA FAYE CROCKETT,

Plaintiffs-Appellants,

VERSUS

R.J. REYNOLDS TOBACCO COMPANY, ET AL.,

Defendants,

R.J. REYNOLDS TOBACCO COMPANY; R.J.R. NABISCO, INC.;
PHILIP MORRIS USA INC.; PHILIP MORRIS COMPANIES, INC.;
BROWN AND WILLIAMSON TOBACCO CORPORATION;
BATUS TOBACCO SERVICES, INC.; B&W JAPAN, INC.;
H.E.B. BUTT GROCERY COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, SMITH, and DEMOSS,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Johnny Crockett and other heirs of the estate of Veronica Faye Crockett (collectively "Crockett") challenge the removal to federal court of their wrongful death and survival suit against R.J. Reynolds Tobacco Company and other tobacco companies (collectively the "tobacco defendants"). Concluding that there is jurisdiction, we affirm the judgment on the merits.

## I.

Crockett filed a wrongful death and survival suit against the tobacco defendants and Dr. William Peterek and the Gulf Coast Medical Group (collectively the "health care defendants") in state court seeking damages for the cancer-related death of Veronica Faye Crockett, a long-time smoker. Crockett alleges that the tobacco defendants' defective cigarettes and the health care defendants' negligence in failing to diagnose the decedent's cancer combined to cause her death.

Because Crockett and the health care defendants are citizens of Texas, there is not complete diversity of citizenship. Federal jurisdiction also is barred by the fact that the health care defendants are citizens of the state in which the action is brought. The tobacco defendants nevertheless removed, claiming that the non-diverse health care defendants had been fraudulently joined to defeat removal jurisdiction. The district court determined that there had been no fraudulent joinder and remanded to state court.

On remand, the tobacco defendants, over Crockett's objection, successfully moved to sever Crockett's claims against the health care defendants. Upon issuance of the severance order, the tobacco defendants again removed, arguing that the severance of the non-diverse parties cured the lack of complete diversity. Immediately after filing their notice of removal, the tobacco defendants also filed a motion for judgment on the pleadings.

Once back in federal court, Crockett moved to remand, arguing that the tobacco defendants' second attempt to remove was improper because diversity had not been created through a *voluntary act* of the plaintiffs. Instead of first ruling on Crockett's motion, the district court held against him on the merits by granting the tobacco defendant's motion for judgment on the pleadings, then denied as moot the motion to remand.[1] Crockett appeals, claiming

---

[1] Although it reached the correct result, the district court should not have decided to bypass the jurisdictional question presented in the motion to remand and proceed directly to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (rejecting the notion that a court

(continued...)

the district court lacked subject matter jurisdiction.

## II.

"We review questions of subject matter jurisdiction *de novo*." *Bissonnet Invs., LLC v. Quinlan*, 320 F.3d 520, 522 (5th Cir. 2003). Because Crockett does not contest the district court's decision on the merits, so the only issue on appeal is whether the district court had removal jurisdiction, leading us to apply the *de novo* standard.

As a general matter,

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). If jurisdiction is based on diversity of citizenship, however, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b). If an action is not initially removable, but later becomes removable,

a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable, except that a case may not be removed on the basis of [diversity of citizenship] more than one year after commencement of the action.

*Id.*

This suit was initially nonremovable because the health care defendants were non-diverse and were citizens of Texas, in which the action was brought. The tobacco defendants argue, however, that the state court's order severing Crockett's claims against the health care defendants produced complete diversity and obviated the "in-state defendant" barrier posed by § 1446(b). The tobacco defendants assert that a severance order qualifies as an "order or other paper from which it may first be ascertained that the case is one which . . . has become removable." § 1446(b).

Crockett contends, to the contrary, that § 1446(b) was enacted against the backdrop of, and without the intent to abrogate, the judicially-created "voluntary-involuntary" rule whereby "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). Because this suit became arguably removable only after the issuance of a severance order that was entered over Crockett's objection, Crockett claims removal was improper under the voluntary-involuntary rule.

The tobacco defendants counter that the voluntary-involuntary rule is inapplicable because the health care defendants were not properly-joined parties. We agree.

Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is

---

[1](...continued)
can "assume" jurisdiction for the purpose of deciding the merits, because such an approach "carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers").

dismissed on account of fraudulent joinder.[2] Fraudulent joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).[3]

On the tobacco defendants' first attempt to remove, the district court, after deciding that the health care defendants had not been fraudulently joined, remanded on that basis. Crockett notes correctly that that decision is made unreviewable by 28 U.S.C. § 1447(d).[4] In addition, the severance order issued by the state court cannot be considered equivalent to a finding of actual fraud in the pleadings or an inability of the plaintiffs to establish a cause of action against the health care defendants. Rather, that order merely established that Crockett's claims against the health care defendants should be tried in separate suits. Crockett elected not to appeal that ruling. Fraudulent joinder is therefore no longer an issue in this case.

A party, however, can be improperly joined without being fraudulently joined. Under federal law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Texas has adopted the same requirements for proper joinder. *See* TEX. R. CIV. P. 40(a). If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants.[5]

The state court severed Crockett's claims against the health care defendants from his claims against the tobacco defendants because "the medical negligence and malpractice claim and the burden of proof to sustain [that] claim is totally different [from] the burden of proof . . . necessary to secure judgment for product liability."[6] To the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding.

The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined. We therefore conclude that removal on the basis of an unappealed severance, by a

---

[2] *See, e.g.*, *Insigna v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) ("Fraudulent joinder is a well-established exception to the voluntary-involuntary rule.").

[3] *Accord Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (describing "the test for fraudulent joinder" and quoting *Travis*, 326 F.3d at 646-47), *cert. denied*, 125 S. Ct. 1825 (2005).

[4] Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" (adding an exception not relevant here).

[5] *Cf. Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

[6] *Crockett v. R.J. Reynolds Tobacco Co.*, No. 03CV1391 (10th Dist. Ct., Galveston County, Tex., Aug. 18, 2004) (transcript of hearing on defendants' motion to sever).

state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule.[7] Accordingly, removal jurisdiction existed in this case upon the severance of Crockett's claims against the nondiverse in-state health care defendants.

### III.

Crockett has not challenged the district court's disposition on the merits. Accordingly, because we conclude that the district court had subject matter jurisdiction, its judgment granting the motion for judgment on the pleadings, denying (as moot) the motion to remand, and dismissing all claims with prejudice, is AFFIRMED.

---

[7] This conclusion finds support the text of § 1441(b), which does not refer to "nonfraudulently joined" parties. Rather, it blocks removal only where "properly joined" defendants are citizens of the state in which the action is brought.