United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50754
Summary Calendar

PETER H. EGGERT,

Plaintiff-Appellant,

versus

HONORABLE RAYMOND BRITTON; DANNY KRUMNOW; PETE ZUNIGA,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(No. 6:06-CV-42)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Peter Eggert appeals the district court's grant of summary judgment in favor of

Defendants Judge Raymond Britton, Police Chief Danny Krumnow, and Officer Pete

Zuniga.  Finding a lack of federal subject matter jurisdiction, we vacate and remand with

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

instructions.

## I. FACTS AND PROCEEDINGS

In March 2004, Eggert received a speeding ticket in Riesel, Texas. In July 2005, Eggert appeared in municipal court before Judge Britton for a hearing in connection with the ticket. Prior to Eggert's appearance, and as part of routine practice, Judge Britton had Riesel police officers check Eggert's records with the Department of Public Safety ("DPS"). The records showed that Eggert's driver's license had been suspended after Eggert was arrested in March 2005 for driving while intoxicated and refused a breathalyzer test. Following the hearing, Krumnow observed Eggert enter a car and drive away from the court building. Krumnow apprehended Eggert and arrested him for the misdemeanor of driving with a suspended license. Krumnow and Zuniga then transported Eggert to the McLennan County Jail.

While the DPS records showed Eggert's license had been suspended, Eggert had, through an attorney, in fact appealed the suspension. An appeal operates to stay a suspension. However, Eggert's attorney had mailed the appeal to the wrong post office box, and the appeal was never processed. After Eggert was arrested by Krumnow for driving with a suspended license, Eggert contacted DPS, and DPS then processed the appeal, staying the suspension. In subsequent correspondence between DPS and the McLennan County District Attorney's office, a DPS supervisor recommended that Eggert not be prosecuted for driving with a suspended license. Based on this recommendation, the district attorney dismissed the charge against Eggert.

2

In November 2005, acting *pro se*, Eggert brought suit in state court against Judge Britton, Krumnow, and Zuniga. He alleged state law claims of false imprisonment, criminal false imprisonment, and intentional infliction of emotional distress. Defendants served interrogatories on Eggert, asking, *inter alia*, whether Eggert was making any claims under the United States Constitution. In his first response, Eggert did not answer the interrogatory, claiming the question was vague and harassing. After a second request by Defendants, Eggert provided a document entitled "Statement of Privilege," in which he responded to Defendants' question concerning federal constitutional claims with the following:

> Privilege. Legal Contentions outside the scope of Rule 192.3(j) Investigative Privilege and Work Product Privilege. . . . Subject to the aforesaid, Plaintiff was arrested without lawful warrant, probable cause and/or other lawful authority by order of Municipal Court Judge Britton in violation of Plaitiff's rights, pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

Using this response by Eggert, Defendants removed the case to federal district court based on federal question jurisdiction.

Eggert filed a motion to remand, which the district court denied. Judge Britton filed a motion for summary judgment based on judicial immunity. Krumnow and Zuniga also filed motions for summary judgment. The district court granted Defendants' motions. Eggert appeals, asserting that (1) the denial of his motion to remand was improper, (2) summary judgment was improper as to Judge Britton and the police officers, and (3) the district court abused its discretion in denying Eggert's motion for a continuance.

3

## II. STANDARD OF REVIEW

Questions of subject matter jurisdiction, including the denial of a motion to remand to state court, are questions of law reviewed de novo. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir. 2006). The district court's grant of summary judgment is also reviewed de novo. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

## III. DISCUSSION

The parties do not dispute that Eggert's original complaint alleged no claims under federal law.[1] Under 28 U.S.C. § 1446(b), where the original complaint presents no grounds for removal, a defendant may later remove the case to federal court after receipt of "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added). Under Fifth Circuit law, correspondence between parties and discovery-type documents may constitute "other paper" under certain circumstances. *See Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Defendants argue that the "Statement of Privilege" constituted "other paper"

---

[1]In his original complaint, Eggert cites Texas state cases that provide the elements of the offense for each of the three state law claims. Eggert's claims cannot be construed to allege a federal cause of action.

4

sufficient to raise a federal question and establish federal jurisdiction.

In most cases, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. Typically, a plaintiff will have brought a state law claim against a diverse party but will not have alleged the amount in controversy in the complaint; a later document will then establish a sufficient amount in controversy, creating federal diversity jurisdiction. *See, e.g., Addo*, 230 F.3d at 761 (looking to a demand letter that established the amount in controversy); *S.W.S. Erectors, Inc.*, 72 F.3d at 494 (looking to deposition testimony that established the amount in controversy). *See also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (looking to deposition testimony that established the amount in controversy).

Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotations omitted). *See also PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).

Under limited circumstances, courts have looked to "other paper" to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law. For example, in *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468–69 (6th Cir. 2002), the Sixth Circuit permitted the examination of deposition

5

testimony to ascertain that the plaintiff's state law claim was related to his retirement plan and was, therefore, preempted by ERISA. The Sixth Circuit discussed that complete preemption is an exception to the well-pleaded complaint rule and concluded that federal question jurisdiction was proper. *See id.* at 468 n.11. Notably, in *Peters*, the deposition testimony was used, not to establish a new federal claim, but to clarify the nature of the existing claim, namely, that it is one that would be preempted by federal law.

We find a case from the Southern District of Mississippi to be most on point, and the district court's memorandum opinion discusses the problem with clarity. In *Trotter v. Steadman Motors, Inc.*, the plaintiff brought state law claims for fraud related to a vehicle purchase. 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999). Following a deposition, the defendants asserted that they had ascertained that one of the plaintiffs was also making a claim under the federal Truth-in-Lending Act. *Id.* at 792–93. The district court rejected the defendants' position and stated:

> [W]here, as here, the allegations which are said to form the basis of a federal claim which, in turn, forms the basis for removal, do not appear anywhere in the pleadings but have been injected in the case solely in deposition testimony, the putative federal claim simply does not exist as a cognizable claim in the case. In other words, deposition testimony that does not tend merely to clarify the federal nature of an existing claim but which relates to a putative claim *which has not been pled,* is not "other paper" from which it may be ascertained that the case is or has become removable.

*Id.* at 793 (internal citations omitted).

The instant case presents the same issue. The alleged constitutional claims raised in the "Statement of Privilege" do not appear in the pleadings; they also do not clarify any

6

possible federal nature of the claims made in the pleadings. Additionally, Eggert's statement does not allege a colorable claim, such as a § 1983 claim, and because the "Statement of Privilege" was not filed by Eggert, there is no reason to construe the document as amending his complaint.

Eggert's response to the interrogatory does not relate to Eggert's complaint, which is the document a court references to determine removability based on federal question jurisdiction. Eggert's original petition alleged only state law claims. In the "Statement of Privilege," responding to Defendants' interrogatory, Eggert nonsensically asserted the investigative and work product privileges, indicating that Eggert, a *pro se* plaintiff, did not really understand the nature of his response. Eggert's response could not fairly be understood to assert a claim under § 1983. Consequently, we find removal inconsistent with the well-pleaded complaint rule and the intent of § 1446(b) to permit removal on the basis of documents subsequent to the complaint when they clarify that the plaintiff's claims were federal in nature.

## IV. CONCLUSION

The suit, as removed, contained no claims based on federal question jurisdiction. We VACATE the grant of summary judgment and REMAND with instruction to remand to state court.