FILED
United States Court of Appeals
Tenth Circuit

August 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JOHNNY LAFALIER; PATTY LAFALIER; SAMMY BEETS; MISSY BEETS; RICHARD BARNES; SHIRLEY BARNES; RONALD BARR; OPAL BARR; SHERYL BIBLE; GEORGE BLALOCK; LOUISE BLALOCK; DAN BRANDON; SALLY BRANDON; DEBBIE BRANDON; GARY BRANDON; JAMES BREWER; DONNA BREWER; GILBERT BRIDENDOLPH; ROSEMARY BRIDENDOLPH; MABEL BRITTLE; RAY BRUNER; EVELYN BRUNER; WANDA BUNCE; BOBBE BURNETT; ERIN BUSBY; ROBERT CAROLUS; TINA CAROLUS; ELIZABETH CARR; BETTY COLE; LES COPPEDGE; WILLIAM CARR; MELISSA COPPEDGE; BRENDA COX; KATHY COX; THOMAS CRAWFORD; CHARLOTTE CRAWFORD; GENE CROCKETT; KATHRYN CROCKETT; JAMES CRUZAN; AMY CRUZAN; JAMES DARNELL; PAULA DARNELL; TAMMY DESILVA; LARRY DESILVA, JR.; KEN DOLLISON; MARY DOLLISON; NED E. DOLLISON; DEBRA DURHAM; ROGER EDENS; SHIRLEY EDENS; HENRY ELLICK; JEAN ANN ELLICK; WILLIAM EVANS; JOHNNIE DARLENE EVANS; DEBRA EVERITT; JACK FITZGERALD; JOHN FRAZIER; MARY FRAZIER; ERNEST

No. 10-5082
(D.C. No. 4:10-CV-00005-CVE-TLW)
(N.D. Okla.)

FREEMAN; KIM FREEMAN; LINDA FREEMAN; TED FREEMAN; FREEWILL BAPTIST CHURCH/ROBERT CODY; JOHNNY FRISBIE; JOY FRISBIE; DONALD FROST; ANITA FROST; GARY GARRETT; LINDA GARRETT; JANICE GIBBS; LINDA GILCHRIST; KIM GOSNEY; EVERETT LEE; MYRNA GREEN; JACK C. GREEN; THOMAS GRISHAM; PAULA GRISHAM; PAM OSWALD; LEROY HAMILTON; KENNETH HART, JR.; RICHARD HART; ALICE HART; DAVID HASSEBERG; NORMA HASSEBERG; ROBERT E. HATFIELD; KAREN HATFIELD; CHARLES HAYES; TAMMY HAYES; LARRY HEATHERLY; LINDA HEATHERLY; JEREMY HINKLE; AMANDA HINKLE; RON HORN; SANDRA HORN; WILLIAM HORN; ROSALEE HORN; GABE HUFFMAN; MELISSA HUFFMAN; PATSY HUFFMAN; GERALD E. INMAN, SR.; ELLIS JONES; RICHARD KARNES; SUSAN KARNES; JACK R. KELLEY; LARRY J. KELLEY; WANDA LAKE; WALLACE LONG; DORIS LONG; LLOYD MAHURIN; ALFRED MAUTE; CAROL MAUTE; ROBERT MORGAN; PAULINE MORGAN; RALPH MORRIS, JR.; JOHN MOTT; GEORGIA NEWCOMB; DONALD NOWLIN; CINDY NOWLIN; DEBRAH O'NEAL; BERRY OSBURN; WANDA OSBURN; DAVID PAYNE, Police Officer; BILL PHILLIPS; VICKEY PHILLIPS;

PATTI PHILLIPS; PHILLIP POTTER; RICHARD POWERS; MARY POWERS; RICK POWERS; KELLI POWERS; STEVEN POWERS; TIEERIA POWERS; ELIZABETH PURCELL; JOSEPH RAY; BRENDA RAY; STEVE RAY; DELORES RAY; ERNIE REDDEN; ALETHA REDDEN; SHIRLEY A. REED; L. BERT REEVES; DONNA S. REEVES; ROGER REEVES; MARGARET REEVES; DONALD RENICK; KARIN RENICK; ROGER RHODES; ROSE ANN JONES RHODES; JUDSON RICHARDS; ROBERTA RICHARDS; MICHAEL ROONEY; YOLANDA ROONEY; JOHN ROPER; GARY ROSS; VIOLET ROSS; RICKIE ROSS; EVA L. ROTZAL; PATSY SARGENT; ANNA SAYERS; ALICE SHARBUTT; PAUL SHARBUTT; SHIRLEY SHARBUTT; JERRY SHERWOOD; SHERRI SHERWOOD; RUTH SHOEMAKER; LAVINDA SIPP; BILL STRICKLAND; ALICE STRICKLAND; CAROL STRICKLAND; PHILLIP SUMAN; PAULA SUMAN; BELINDA TALLENT; MARVIN WILLIAMS; JON TALLENT; MELISSA TALLENT; CARL TAYLOR; PAMELA TAYLOR; RUTH THOMPSON; CLARA TOPPER; JACK TURNER; TROY TURNER; CHRISTINA KING; FRANCIS TYREE; RICHARD URBAN; PATSY URBAN; JULIE VAN BUREN; SCOTT VANHOOSE; DEBRA VANHOOSE; ROXIE VANN; THEODORE VANN, JR.; LILLIE

VICKERS; CLELL WARE;
LORETTA WARE; LEWIS
WASHBURN; KATHERINE
WASHBURN; DAVID WILLIAMS;
REBECCA WILLIAMS; JIMMY
WILLIS; SHERI WILLIS; DAVID
WILSON; BEVERLY WILSON;
CONNIE WISDON; CLEO WISDOM,
SR.; FRANK D. WOOD; MERLE
LOUISE WOOD; LOLA WOOD,

    Plaintiffs-Appellees,

v.

STATE FARM FIRE AND
CASUALTY COMPANY;
AMERICAN MODERN HOME
INSURANCE COMPANY;
AMERICAN WESTERN HOME
INSURANCE COMPANY,

    Defendants-Appellants,

and

CINNABAR SERVICE COMPANY,
INC.; VAN TUYL AND
ASSOCIATES; J.D. STRONG;
LARRY ROBERTS; ALLSTATE
INSURANCE COMPANY; AMERICA
FIRST INSURANCE COMPANY;
AMERICAN BANKERS
INSURANCE COMPANY OF
FLORIDA; NATIONAL SECURITY
FIRE AND CASUALTY COMPANY;
OKLAHOMA FARM BUREAU
MUTUAL INSURANCE COMPANY;
SHELTER MUTUAL INSURANCE
COMPANY; AMERICAN FARMERS
AND RANCHERS MUTUAL

INSURANCE COMPANY,

      Defendants.

---

## ORDER AND JUDGMENT[*]

---

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges**.**

---

In this appeal, State Farm Fire and Casualty Company, American Modern Home Insurance Company, and American Western Home Insurance Company (collectively, the "Insurers") challenge the district court's conclusion that the "local controversy" exception requires the court to remand this "mass action" originally removed from state court under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). Having granted the Insurers' petition for permission to appeal, we exercise jurisdiction under 28 U.S.C. § 1453(c). We conclude that the district court did not err in determining that plaintiffs satisfied all the requirements of the local controversy exception. We also conclude that under the circumstances of this case, the district court did not err in declining to

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

apply the "procedural misjoinder" doctrine (also known as the "fraudulent misjoinder" doctrine).  Accordingly, we AFFIRM the order remanding this case to state court.[1]

## I.     BACKGROUND

### A.     CAFA and the "Local Controversy" Exception

CAFA provides for the removal to federal court of certain "mass actions." 28 U.S.C. § 1332(d)(11).  Thus, under CAFA a defendant may remove an action if it involves the claims of at least 100 persons that are worth at least $5,000,0000 in the aggregate, so long as there is minimal diversity between the parties.  *Id.*; *see also id.* § 1332(d)(2) (setting jurisdictional minimums and diversity requirements).

CAFA, however, also contains certain exceptions that require the federal district court to remand otherwise removable actions.  The only such provision relevant to this appeal is the "local controversy" exception, which states:

A district court shall decline to exercise jurisdiction . . .

(A)(i) over a class action in which--

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

---

[1]     Under 28 U.S.C. § 1453(c)(2), this court must render judgment within sixty days of the filing of the appeal.  *See also id.* § 1453(c)(3)(B) (allowing the court to avail itself of one ten-day extension "for good cause shown and in the interests of justice").  This decision is issued within the statutory deadlines.

(II) at least 1 defendant is a defendant–

>> (aa) from whom significant relief is sought by members of the plaintiff class;

>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

>> (cc) who is a citizen of the State in which the action was originally filed; and

> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4).

## B.    Facts

Plaintiffs own or owned property in the former mining town of Picher, Oklahoma. Because Picher is environmentally contaminated, the State established the Lead-Impacted Communities Relocation Assistance Trust (the "Trust") to buy properties and to assist residents in relocating. On May 10, 2008, a tornado damaged or destroyed many buildings in Picher. The Trust immediately decided to offset any amounts that applicants received from their insurance coverage against the amounts the Trust would pay for their properties. The Trust required applicants to disclose their insurance information to the Trust and to authorize their insurance companies to communicate with the Trust. This suit

involves plaintiffs' claims against: (1) persons and entities associated with the Trust (the "Trust-related Defendants") and (2) plaintiffs' insurance companies.

Plaintiffs' claims against the Trust-related Defendants stem from their allegations that the Trust deliberately uses appraisals that undervalue their properties and conducts secret proceedings concerning the appraisals in violation of Oklahoma law. The Trust is not a defendant in this suit, but it is the only named defendant in a separate suit, based on the same factual allegations as this case, that plaintiffs filed in Ottawa County, Oklahoma (the "Ottawa County Case"). In this case, the Trust-related Defendants are Larry Roberts, the operations manager of the Trust; J.D. Strong, the Secretary of the Environment for Oklahoma; Cinnabar Service Company, a firm that conducted appraisals; and Van Tuyl and Associates, a firm that conducted or reviewed appraisals.

The remaining defendants are ten insurance companies, three from Oklahoma and seven from out-of-state. Plaintiffs' claims against the insurance companies state that the companies improperly paid only actual cash value for the tornado damage because they knew plaintiffs' properties would not be repaired or replaced. The cash-value payouts were lower than the replacement-cost payouts would have been. Plaintiffs also allege that the insurance companies failed to reveal all coverage available to policyholders and improperly (and in bad faith) leveraged the Trust offsets to urge plaintiffs to accept lower payments.

## C.    Proceedings in the District Court

There were fewer than 100 plaintiffs when the case began.  Thus, the case was not removable under CAFA.  But eventually plaintiffs filed their Second Amended Petition, which set forth claims on behalf of more than 200 persons.  State Farm then removed the case to federal court.  The federal district court sua sponte noted that the local controversy exception might bar the exercise of federal jurisdiction.  The district court ordered the parties to show cause why the case should not be remanded to state court.

### 1.    Briefing

Joined by American Modern Home Insurance Company, State Farm first argued that the "other class action" provision, found in § 1332(d)(4)(A)(ii), was not satisfied because plaintiffs had filed the Ottawa County Case.  State Farm then focused on the joinder of the two groups of defendants, arguing that the claims against the insurance companies had been misjoined with the claims against the Trust-related Defendants.  "When the claims against the [Trust-related] defendants are disregarded, there is no Oklahoma citizen whose alleged conduct forms a significant basis for the claims asserted by the plaintiffs and from whom significant relief is sought by the defendants."  Aplt. App., Vol. II at 453.  In making its local controversy analysis, State Farm urged the district court to "disregard the claims against the [Trust-related] Defendants and . . . consider the elements of the local controversy exception only as they apply to the

claims against the Insurer Defendants." *Id.* at 458. State Farm then argued why none of the Oklahoma insurers would satisfy the exception's local-defendant provision, found in § 1332(d)(4)(A)(i)(II). Finally, State Farm asserted that plaintiffs had not shown that at least two-thirds of them were citizens of Oklahoma, as required by § 1332(d)(4)(A)(i)(I).

In favor of remand, plaintiffs asserted that each of them had claims against Strong, Roberts, Cinnabar, and Van Tuyl, and they sought significant relief from Cinnabar and Van Tuyl. They asserted that the Ottawa County Case did not preclude applying the exception because no defendant was named in both cases. They denied that there was a fraudulent joinder, and asserted that this was not the kind of case that CAFA envisioned as proper for removal.

In reply, State Farm again asserted that plaintiffs had not satisfied the "no other class action" requirement. It further pressed its procedural-misjoinder theory, noting that plaintiffs missed the point when they discussed fraudulent *joinder* (as distinguished from misjoinder). And it noted that plaintiffs had not disputed that, absent the Trust-related Defendants, there was no local defendant.

### 2. The Hearing

The district court then held a hearing on jurisdiction. When the hearing reached the local-defendant issue, the court delved into the nature of plaintiffs' claims. Plaintiffs' counsel asserted, "The cause of actions that we have against Cinnabar and Van Tuyl and the state defendants are collusion amongst

-10-

themselves. It's our belief and opinion at this point that the insurance claims are more collateral in nature to the primary claims which we believe are Cinnabar and Van Tuyl, Strong, and th[e] Oklahoma State defendants." *Id.* at 564. Plaintiffs stated that their claims against the insurance companies were small compared to those against the Trust-related Defendants, because only a fraction of all plaintiffs had claims against any one insurer, but they all had claims against the Trust-related Defendants.

State Farm first took up the "no other class action" issue, then moved to the local-defendant factor:

> What's fascinating in [plaintiffs' counsel's] answers to your questions is he made very clear they're focusing -- when they focus on significant defendant and significant relief, the plaintiffs focus solely on Cinnabar, Van Tuyl, J.D. Strong, and Larry Roberts. Plaintiffs have not even attempted to argue that any of the three Oklahoma-based insurance companies is a significant defendant against whom significant relief is sought.

*Id.* at 574. State Farm stated that plaintiffs had not shown any logical relationship between the two sets of claims other than that they both relate to property in Picher. State Farm urged the court to accept the procedural misjoinder doctrine and to remand the claims against the Trust-related Defendants, while retaining jurisdiction over the claims against the insurance companies.

### 3. The District Court's Decision

The district court issued a written decision. It held that the case was properly removed under CAFA. It then addressed each element of the local

controversy exception. First, it found that more than two-thirds of the plaintiffs were citizens of Oklahoma as of the date of the filing of the Second Amended Petition. Next, it found that defendants Roberts, Strong, and Cinnabar were defendants (1) from whom plaintiffs sought significant relief; (2) whose conduct formed a significant basis for plaintiffs' claims; and (3) who were citizens of Oklahoma as of the date of the filing of the Second Amended Petition.[2] In making this finding, the court noted that "State Farm has not offered any argument in opposition to plaintiffs' claim that they are seeking significant relief from the Trust Defendants," and State Farm's procedural-misjoinder position "impliedly acknowledges that plaintiffs seek significant relief from the Trust Defendants." *Id.* at 747. The court declined to apply procedural misjoinder, noting that this circuit had not adopted the doctrine. It also noted that, even if the doctrine were available, it would not be appropriate to apply it in this case because it was not clear that the severed claims would meet CAFA's jurisdictional requirements. Finally, the court concluded that the principal injuries were incurred in Oklahoma and no other class action had been filed against any of the defendants in the previous three years. Accordingly, the district court ordered that the case be remanded to state court.

---

[2] The court did not consider Van Tuyl because Van Tuyl had not been served with process as of the date of the decision.

This court granted the Insurers' motion for permission to appeal. The district court stayed the order of remand pending this court's decision.

## II.    ANALYSIS

On appeal, the Insurers argue (1) that the requirements of the local controversy exception are not met, but (2) if those requirements are met, then the district court should have applied the procedural misjoinder doctrine, severed the claims against the Trust-related Defendants from the claims against the insurance companies, and allowed the claims against the insurance companies to proceed in federal court. Because this appeal involves issues of statutory interpretation, our review is de novo. *See Coffey v. Freeport v. McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (per curiam).

### A.    The Court Did Not Err In Its Local Controversy Analysis

The Insurers contend that the district court erred in its local controversy analysis for two reasons: (1) the Ottawa County Case should count as another pending class action for purposes of § 1332(d)(4)(A)(ii); and (2) Roberts, Strong, and Cinnabar do not meet the local-defendant provisions of § 1332(d)(4)(A)(i)(II).

#### 1.    The "Other Class Action" Clause

The local controversy exception requires that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on

behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). The district court found this requirement satisfied because none of the defendants in this case were named as defendants in the Ottawa County Case. The Insurers argue that "[t]here is no question that the Ottawa County class action asserts factual allegations concerning the Trust and the Trust Defendants that are the same or virtually the same as those asserted here." Aplt. Br. at 49. Because of the similarities in the cases, the Insurers contend that "the Trust Defendants in the two cases are different in name, but not in substance. Allowing plaintiffs to evade CAFA in this manner would achieve the very result that CAFA sought to avoid." *Id.* at 50.

"[I]t is our primary task in interpreting statutes to determine congressional intent, using traditional tools of statutory construction. In ascertaining such congressional intent, we begin by examining the statute's plain language, and if the statutory language is clear, our analysis ordinarily ends." *Coffey*, 581 F.3d at 1245 (quotation omitted). In this case, our analysis begins and ends with the plain language of § 1332(d)(4)(A)(ii). The statute says "against any of the defendants," not, as the Insurers would have us read, "against any of the defendants or parties in privity with them." Congress certainly knows the well-established rule that an entity and its officers, directors, managers, and employees are separate legal persons, *see, e.g., Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001), and it could have provided for such

-14-

distinctions in the exception had it wanted to do so. The district court did not err in concluding that the Ottawa County Case does not preclude the "no other class action" requirement from being satisfied.

## 2. The Local-Defendant Provisions

The Insurers also argue that the district court erred in concluding that Roberts, Strong, and Cinnabar qualified as local defendants. They assert that these defendants do not satisfy the "significant relief" clause, § 1332(d)(4)(A)(i)(II)(aa), and the "significant basis" clause, § 1332(d)(4)(A)(i)(II)(bb). The Insurers' argument on appeal treats both classes of defendants as part of a single group. This is a departure, however, from the Insurers' position before the district court.

As discussed above, in the district court the Insurers primarily relied on procedural misjoinder, ignoring whether the Trust-related Defendants satisfied the local-defendant provisions for the defendants viewed as a whole. Because they make this argument for the first time on appeal, we decline to consider the Insurers' assertions that the Trust-related Defendants do not satisfy the local-defendant requirement. *See Stewart v. U.S. Dep't of Interior*, 554 F.3d 1236, 1245 n.1 (10th Cir. 2009) (explaining that arguments not raised in the district court are waived); *Tele-Commc'ns, Inc. v. C.I.R.*, 104 F.3d 1229, 1234 (10th Cir. 1997) (noting that "raising a related theory" is insufficient to preserve an issue for appeal). Moreover, although the argument concerns subject matter jurisdiction, it

-15-

remains waivable because it is an argument in support of, not a challenge to, jurisdiction. *See Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999).

### B. Procedural Misjoinder

The heart of this appeal is the district court's decision to decline the Insurers' invitation to apply the procedural misjoinder doctrine. The Insurers contend that the claims against them and the other insurance companies are misjoined with the claims against the Trust-related Defendants. They state that the district court should have recognized the misjoinder, severed the two sets of claims, and allowed the claims against the insurance companies to proceed in federal court.

"Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J. L. & Pub. Pol'y 569, 572 (2006). The doctrine stems from the Eleventh Circuit's decision in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996).[3] Determining that the claims alleged against one class of defendants were "wholly distinct" from the claims against a second class of

---

[3] The Eleventh Circuit has since abrogated *Tapscott* on other grounds. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

defendants, and thus insufficient for joinder under Fed. R. Civ. P. 20, the

Eleventh Circuit held:

> Misjoinder may be just as fraudulent as the joinder of a resident
> defendant against whom a plaintiff has no possibility of a cause of
> action.  A defendant's right of removal cannot be defeated by a
> fraudulent joinder of a resident defendant having no real connection
> with the controversy.  Although certain putative class representatives
> may have colorable claims against resident defendants in the
> "automobile" class, these resident defendants have no real connection
> with the controversy involving Appellants Davis and West and
> Appellee Lowe's in the putative "merchant" class action.  We hold
> that the district court did not err in finding an attempt to defeat
> diversity jurisdiction by fraudulent joinder.  We do not hold that
> mere misjoinder is fraudulent joinder, but we do agree with the
> district court that Appellants' attempt to join these parties is so
> egregious as to constitute fraudulent joinder.

*Id.* at 1360 (quotation omitted).  It appears that the Fifth Circuit may also accept

procedural misjoinder.  *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529,

532-33 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir.

2002).  No circuit has rejected the doctrine, but the district courts and the

commentators are split.  *Compare* Percy, 29 Harv. J. L. & Pub. Pol'y at 572;

Laura J. Hines and Steven S. Gensler, *Driving Misjoinder:  The Improper Party*

*Problem in Removal Jurisdiction*, 57 Ala. L. Rev. 779, 780 (2006) (advocating

adoption of the doctrine), *and Greene v. Wyeth*, 344 F. Supp. 2d 674, 684

(D. Nev. 2004); *Burns v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 401, 402-03

(S.D. W.Va. 2004) (applying the doctrine), *with* Ronald A. Parsons, Jr., *Should*

*the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. Rev. 52, 53

(2008) (urging the circuit court to decline to recognize the doctrine), *and Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851-52 (S.D. Ill. 2006) (rejecting the doctrine).

There may be many good reasons to adopt procedural misjoinder, as the Insurers argue. But we need not decide that issue today, because the record before us does not show that adopting the doctrine would change the result in this case. Particularly, the district court noted that, even if it were to apply procedural misjoinder, "it is not clear that at least one hundred plaintiffs with claims totaling $5 million have claims against the Insurer Defendants, and the Court would be speculating if it determined that it had an independent basis for subject matter jurisdiction over the severed claims." Aplt. App., Vol. II at 749. We cannot conclude that the court erred in this observation.

The Insurers contend that the Second Amended Petition, on its face, asserts claims against all insurance companies by all plaintiffs. But they misplace their reliance on these bare allegations. The court may look beyond the complaint to establish whether jurisdictional requirements for removal are met. *See McPhail v. Deere*, 529 F.3d 947, 956 (10th Cir. 2008); *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192-93 (10th Cir. 2003). State Farm itself admitted that not all plaintiffs had insurance claims. *See* Aplt. App., Vol. II at 613 n.4; *see also id.* at 656, 658, 667. And nothing before us shows that there are at least 100 plaintiffs with such

claims.[4] Thus, we cannot conclude that the district court erred in holding that it was not convinced it could appropriately exercise jurisdiction over the claims against the insurance companies, even if those claims were severed from the claims against the Trust-related Defendants. Nothing in this decision, however, shall preclude the Insurers from presenting their procedural misjoinder argument to the state court. Should the claims be severed, the Insurers may again remove the case under CAFA if removal is appropriate. *See, e.g.*, *Crockett*, 436 F.3d at 531-33.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell R. Tacha
Circuit Judge

---

[4]     The record before us shows only twenty-seven plaintiffs are insured by the named insurance companies. *See* Aplt. App., Vol. II at 471 (affidavit from Oklahoma Farm Bureau Mutual Insurance Company stating that it insured four plaintiffs); *id.* at 472 (affidavit from American Farmers and Ranchers Mutual Insurance Company stating that it insured four plaintiffs); *id.* at 474 (affidavit from American Western Home Insurance Company stated that it insured two plaintiffs); *id.* at 664 (declaration stating American Modern Home Insurance Company insured two plaintiffs); *id.*, Vol. III at 855, 917 (documents listing State Farm as seven plaintiffs' insurer); *id.* at 858 (document listing National Security Insurance Company as one plaintiff's insurer); *id.* at 861, 864 (documents listing Allstate as three plaintiffs' insurer); *id.* at 873 (document listing Shelter Insurance Company as two plaintiffs' insurer); *id.* at 879 (document listing America First as two plaintiffs' insurer).