HAYNES, Circuit Judge, dissenting:
I respectfully dissent from the majority opinion's determination that we have jurisdiction in this case. Accordingly, I would vacate the district court's judgment and remand to the district court to remand to state court without reaching the merits.
My disagreement centers on the determination as to C.E.N. under the voluntary-involuntary rule. Here, the state court issued an order (the "C.E.N. Order") granting summary judgment in favor of C.E.N. The Hoyts did not appeal at that point but, of course, the summary judgment was not final given the presence of other defendants. See Bison Bldg. Materials, Ltd. v. Aldridge , 422 S.W.3d 582, 585 (Tex. 2012) ("A judgment is final for purposes of appeal 'if and only if either it actually disposes of all claims and parties then before the court ... or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.' " (quoting Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 192-93 (Tex. 2001) )). In denying the Hoyts' second motion to remand, the district court noted that the Hoyts did not argue they could or would appeal the district court's grant of C.E.N.'s summary judgment motion. Without citing any authority, the court concluded that the Hoyts had "apparently abandoned the right to do so by agreeing with C.E.N. that costs as between them will be borne by the party incurring same," where "[t]he state court had ordered that C.E.N. recover its costs from plaintiffs."
The district court was incorrect. Nothing prevents the Hoyts from appealing the C.E.N. Order if the case is remanded.[1] In *301 granting C.E.N.'s motion for summary judgment, the state court did not dismiss C.E.N. from the suit; instead, it entered a take-nothing judgment in C.E.N.'s favor. If winning a case makes you a non-party to that case, there could never be an appeal. The district court's conclusion is based upon an agreement that addresses only costs and does not state that the case is settled or that the Hoyts will not appeal.[2] Had there never been a removal, the Hoyts could have appealed the summary judgment to the state court of appeals once the rest of the case was concluded and a final judgment entered. See Aldridge , 422 S.W.3d at 585 (noting that "Texas appellate courts only have jurisdiction to review final judgments").
Lane did not assert in its notice of removal that the Hoyts had fraudulently joined C.E.N. or any other resident defendant. Instead, Lane claimed only that removal was proper based on the bad faith exception in 28 U.S.C. § 1446(c).[3] The first time Lane alleged that the Hoyts had fraudulently joined C.E.N. was in response to the Hoyts' second motion to remand. The Hoyts responded that Lane had waived its right to assert fraudulent joinder as a basis for removal, and a party cannot belatedly rely on a previously unmentioned ground for removal.
I agree. Section 1446(a) requires a statement of the grounds for removal, and fraudulent joinder of C.E.N. was not listed. See 28 U.S.C. § 1446(a) (requiring a notice of removal to contain "a short and plain statement of the grounds for removal"); see also Wood v. Crane Co. , 764 F.3d 316, 323 (4th Cir. 2014) (stating that after thirty-day removal deadline, "[c]ourts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis"); Ervast v. Flexible Prods. Co. , 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) ("Flexible argues, tardily, in its appellate brief, that there also exists diversity jurisdiction .... Although that may be the case, we decline the invitation to exercise jurisdiction on that basis because Flexible had the burden to plead this basis in its notice of removal, and it did not."). Lane has waived the argument.[4]
Even if this argument is not waived, C.E.N. was not improperly joined. We recently addressed the standard for improper joinder in *302 Flagg v. Stryker Corp. , 819 F.3d 132 (5th Cir. 2016) (en banc). "Ordinarily, diversity jurisdiction requires complete diversity-if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." Id. at 136. "However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." Id. A "non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.' " Id. (quoting Smallwood v. Ill. Cent. R.R. Co. , 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "Thus, the test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.' " Flagg , 819 F.3d at 136 (emphasis added) (quoting Smallwood , 385 F.3d at 573 ). We have stated:
In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."
Flagg , 819 F.3d at 136 (quoting Smallwood , 385 F.3d at 573 ).[5]
The district court did not conduct a Rule 12(b)(6) analysis, relying instead solely on the fact that the Hoyts lost on summary judgment and finding it "tantamount to a determination that C.E.N. had been improperly joined." In so doing, the district court quoted Smallwood , but did not actually apply it. The district court based its conclusion off the fact that "C.E.N. did not do any work on the culvert where [Mr. Hoyt] was killed prior to the accident" and its perception of the state court judge who ruled on the summary judgment motion. It did not elaborate on why C.E.N.'s supposed failure to do any work on that culvert was necessarily fatal to the Hoyts' claims. Indeed, the district court did not discuss the Hoyts' theory of recovery against C.E.N. at all. Instead, the district court cited this court's decisions in Crockett v. R.J. Reynolds Tobacco Co. , 436 F.3d 529 (5th Cir. 2006), and Morgan v. Chase Home Fin., LLC , 306 F. App'x 49 (5th Cir. 2008), to conclude that it could rely on state court rulings in determining improper joinder.
Both cases are distinguishable. Crockett involved the permissive joinder of parties under FED. R. CIV. P. 20(a).[6] 436 F.3d at 533. In Morgan , the district court itself determined that the plaintiff had fraudulently joined the nondiverse defendant because Texas law explicitly barred the plaintiff's only cause of action. 306 F. App'x at 53. There is no indication that the Morgan district court relied on the state court's dismissal of the plaintiff's claim. Thus, the district court cited no relevant precedent for its decision to forego the Rule 12(b)(6)-like improper joinder analysis before piercing the pleadings.
Lane does not explain why this court should not analyze fraudulent joinder under the "Rule 12(b)(6)-type analysis" set *303 forth in Smallwood and Flagg .[7] Like the district court, Lane relies on Crockett and Morgan to assert that a federal court can rely on state court decisions to find improper joinder. But as stated above, both Crockett and Morgan are distinguishable.[8]
If we apply the proper standard, the district court erred in concluding that the Hoyts fraudulently joined C.E.N. In their second amended petition, the Hoyts claim that C.E.N. was negligent in conducting its construction zone operation and maintenance activities. Lane does not argue that the Hoyts' claims against C.E.N. could not survive a Rule 12(b)(6)-like analysis. The state district court's grant of summary judgment is not to the contrary, as it does not mean the Hoyts had "no possibility of recovery" against C.E.N. Flagg , 819 F.3d at 136 (quoting Smallwood , 385 F.3d at 573 ).
In sum, Lane failed to demonstrate that the Hoyts improperly joined C.E.N. Accordingly, the district court abused its discretion when it applied the wrong legal standard to conclude otherwise, seemingly resting on its own perception of how that particular state court judge decides summary judgments. Because the voluntary-involuntary rule precluded removal and Lane did not show that the Hoyts fraudulently joined C.E.N., I conclude that we should vacate the district court's judgment and remand to the district court to remand to state court. From the judgment finding jurisdiction, I respectfully dissent.[9]

Lane does not explain how this court would have jurisdiction over the state court partial judgment in favor of C.E.N. In other words, if the Hoyts had named C.E.N. in the appeal to this court, how could this court have reversed the state court decision? Cf. D.C. Court of Appeals v. Feldman , 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ; Rooker v. Fid. Tr. Co. , 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). C.E.N.'s presence in this case raises a question not of removal procedure, but of jurisdiction itself: if C.E.N. is still a party, then diversity is not complete, so diversity jurisdiction does not exist. See 28 U.S.C. § 1332(a). Because C.E.N.'s presence in this case is jurisdictional, the Hoyts have not waived their argument that C.E.N. is still in the case. See Caterpillar Inc. v. Lewis , 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (recognizing that diversity goes to subject matter jurisdiction); see also Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc. , 666 F.3d 932, 935 (5th Cir. 2012) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal.").
The majority opinion relies on out-of-circuit cases to conclude that C.E.N. was no longer a party to the case after it won summary judgment. But in Poulos v. Naas Foods, Inc. , the Seventh Circuit did not conclude that summary judgment in a party's favor removed that party from a case; instead, it held that an exception to the voluntary-involuntary rule applied such that removal was proper. 959 F.2d 69, 70, 74 (7th Cir. 1992). Moreover, we are not bound to follow out-of-circuit decisions, and the majority opinion points to no precedent from the Supreme Court or our court to support its conclusion.

The agreement, signed one week after the C.E.N. summary judgment was granted, states: "This letter will set out our Rule 11 Agreement regarding the court costs reflected in [the summary judgment order]. ... C.E.N. agrees that it will not seek to collect the court costs awarded to it in that order from Plaintiffs. Instead, C.E.N. and Plaintiffs agree to treat the summary judgment order as if it stated 'All costs with regard to C.E.N. ... shall be paid by party incurring same.' " Rule 11 is the Texas Rule of Civil Procedure requiring agreements among parties or counsel to be in writing and signed. See Tex. R. Civ. P. 11. Nothing here would evince a full settlement of the case or be enforceable as such. At oral argument, the parties confirmed there was no settlement of the entire case with C.E.N.

Section 1446(c) provides: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Footnote 2 of the majority opinion overlooks the fact that, because C.E.N. was still a party to the case, improper joinder was a necessary element that Lane should have pleaded. If C.E.N. was not improperly joined, then complete diversity did not exist at the time of removal and the district court did not have jurisdiction over the case. See 28 U.S.C. § 1332(a).

While there are limited circumstances where a district court can "pierce the pleadings," to make a Smallwood determination, see Flagg , 819 F.3d at 136-37, the district court did no such thing. It relied instead upon its own conclusion that the state court judge would not grant summary judgment absent no possibility of recovery.

Fed. R. Civ. P. 20(a) is not at issue here.

The majority opinion relies upon out-of-circuit cases, but we are bound by our own precedent which requires a "12(b)(6)-type analysis," see Flagg , 819 F.3d at 136, and does not support a conclusion that we are bound by state trial court decisions in conducting this analysis.

Even if piercing the pleadings was appropriate in this case, Lane does not show why the state court's summary judgment order is indeed tantamount to a finding of improper joinder. The state court provided no analysis to support its ruling. Further, Lane does not demonstrate that C.E.N.'s apparent failure to do any work on the culvert where Mr. Hoyt crashed during the relevant period rebuts the Hoyts' claims. The Hoyts argue that C.E.N. did not properly dispose of construction debris at another culvert, which led to the debris being dumped into, and causing the accumulated water in, the culvert where Mr. Hoyt crashed.

Because I conclude we lack jurisdiction, I would not reach the merits of the case. However, given the majority opinion's conclusion that we have jurisdiction, which means we reach the merits, I agree with the analysis of the merits.